Mr. Justice DAYIS
 

 delivered the opinion of the court.
 

 In
 
 Barnard
 
 v.
 
 Kellogg,
 

 ‡
 

 this court decided that proof of a custom or usage inconsistent with a contract and which either expressly or by necessary implication contradicts it, cannot be received in evidence to affect it; and that usage is not allowed to subvert the settled rules of law. But we stated at the same time that custom or usage was properly received to ascertain and explain the meaning and intention of the parties to a contract, whether written or parol, the meaning of which could not be ascertained without the aid of such extrinsic evidence, and that such evidence was thus used on the theory that the parties knew of the existence of the custom or usage and contracted in reference to it. This latter rule is as well settled as the former,
 
 §
 
 and under it the evidence was rightly received.
 

 It is obvious by the steps which the plaintiffs took to perform their contract, that there are two modes in which barley may be delivered, for they delivered part in sacks and tendered part in bulk. And it is equally obvious, on account of the additional cost, that they would not have delivered the barley in sacks for a period of six months, if the contract on its face was satisfied by a delivery in bulk.
 
 *366
 
 The contract, by its terms, is silent as to the mode of delivery, and although there are two modes in which this can be done, yet they are essentially different, and one or the other, and not both must have been in the mind of the parties at the time the agreement was entered into. In the absence of an express direction on the subject, extrinsic evidence must of necessity be resorted to in order to find out which mode was adopted by the parties, and what extrinsic evidence is better to ascertain this than that of usage ? If a person of a particular occupation in a certain place makes an agreement by virtue of which something is to be done in that place, and this is uniformly done in a certain way by persons of the same occupation in the same place, it is but reasonable to assume that the parties contracting about it, and specifying no manner of doing it different from the ordinary one, meant that the ordinary one and no other should be followed. Parties who contract on a subject-matter concerning which known usages prevail, by implication incorporate them into their agreements, if nothing is said to the contrary.'
 

 The evidence in the present case did not tend to contradict the contract, but to define its meaning, in an important point, where, by its written terms, it was left undefined. This, it is settled, may be done.
 

 It is objected that the usage was proved by a single witness. But we cannot assert, as a rule of law governing proof of usages of trade, that if a witness have a full knowledge and a long experience on the subject about which he speaks, and testifies explicitly to the antiquity, duration, and universality of the usage and is uncontradicted, the usage cannot be regarded by the jury as established. On the contrary, the authorities are that in such a case it may be.
 
 *
 

 Judgment affirmed.
 

 ‡
 

 10 Wallace, 383.
 

 §
 

 1 Smith’s Leading Cases, p. 386, 7th edition.
 

 *
 

 See 1 Smith’s Leading Cases, 782, 7th edition; Vail
 
 v.
 
 Bice, 1 Selden, 156; Marston
 
 v.
 
 Bank of Mobile, 10th Alabama, 284; Partridge v. Forsyth, 29th Alabama, 200.