JAMES T. LESTER *v.* MAYOR AND ALDERMEN OF THE CITY OF JACKSON.

1. MUNICIPAL CORPORATION.   *Devise to.   City purpose.   Park; outside city limits.*
   Under a devise "for a public park," a municipal corporation may take and hold land convenient and accessible therefor, although it lies without the corporate limits, and the charter confers no express authority to own land outside.

2. SAME.   *City purpose.   Right of ownership.*
   In such case, the gift is none the less for a city purpose, because the land, not being within the corporate limits, the city cannot exercise its sovereignty over it. It still has the rights and powers that pertain to ownership.

FROM the chancery court of the first district of Hinds county.

HON. H. C. CONN, Chancellor.

The case is stated in the opinion.

*Anselm H. Jayne*, for appellant,

Filed a lengthy brief and written argument, discussing the several grounds upon which the right of the city to take the devise is sought to be sustained, and, as to the question passed on by the court, making the following points:

If the city, for municipal purposes, is authorized to take land, by purchase or devise, within its limits, it clearly has no power, either express under its charter, or implied, to take land outside of the city limits.   2 Dillon on Mun. Corp., § 565 and cases cited; 15 Am. & Eng. Enc. L., 1060, and cases cited in note 1; 57 Mich., 547.

The use of lands without the city limits for a public park is not a city purpose, and the city could not take under the devise without previous legislative authority to acquire and hold it, as was the case in 99 N. Y., 569, and 44 Mich., 602.

The fact that the land in this case is suitable for a park for the city of Jackson, has nothing to do with the law of the case.

*Nugent & McWillie,* on the same side.

It is admitted that the power to take land beyond its limits is not granted by the charter of the city of Jackson. Without express authority, a municipality cannot acquire lands beyond its territorial limits. 15 Am. & Eng. Enc. L., 1060; 2 Dillon, Mun. Corp., § 565; 9 N. Y., 64; 2 Wend. (N. Y.), 109; 2 Johns. Ch., 320, 336; 8 Ohio (N. S.), 564; 36 Mich., 474; 44 Mich., 602; 57 Mich., 547; 2 La. An., 897; 2 Metc. (Ky.), 171; 17 N. H., 465.

The city is entirely without the power to make any expenditure of its corporate funds to carry out the purpose of the donor. The very name, "park," implies improvement and ornamentation, and the care and attention and exercise of police power by keepers and custodians. The city cannot effectuate the purpose of the gift, since the land lies without its limits.

*Brame & Alexander,* for appellee.

A municipal corporation, without special delegation of power, may acquire and hold property for all proper municipal purposes. A park is a city purpose, and it is none the less a city purpose because outside the corporate limits, if it be convenient and accessible. It is a matter of common knowledge that cities universally own and maintain parks. They are necessities rather than luxuries. Ordinarily, the acquisition of a park without the limits would be a more appropriate exercise of the city's power than to acquire land for a park within the city limits.

We concede the general rule stated in Dillon on Mun. Cor., § 565, that cities cannot ordinarily *purchase* and hold land without the corporate limits, but in the same section the author adds that for certain purposes, such as cemeteries, etc., extra territorial land may be purchased. If a park is a city purpose, the corporation has the implied power to acquire and hold it. 2 Dillon on Mun. Corp., § 562; 13 Mass.,

371; 20 Mo., 143; 57 Am. Dec., 409 and note; 33 *Ib.*, 481. Exercising police power over it is another matter.

As to what constitutes a city purpose, we especially refer the court to the case of *Matter of Application of Mayor, etc.*, 99 N. Y., 571.

There is a wide difference between the power of a city to *purchase* land and its power to *take a bounty.* A city may be the beneficiary of a devise for a proper municipal purpose. 2 Dillon, Mun. Cor., § 566.

Argued orally by *A. H. Jayne, T. A. McWillie,* and *E. E. Baldwin,* for appellant, and by *L. Brame* and *C. H. Alexander,* for appellee.

COOPER, J., delivered the opinion of the court.

By her will, Mrs. Ellen L. Moore devised her late résidence, "Oakwood," to her father, Preston Hay, and to her brother-in-law, James T. Lester, for life, with remainder to the city of Jackson "for a public park." Since the death of the testatrix, Mrs. Lester, her sister and the wife of James T. Lester, has died childless and intestate, and Mr. Lester is entitled to take, by inheritance from her, whatever estate she inherited from Mrs. Moore. Mrs. Moore's will contained no residuary clause, and she died intestate as to the reversion in fee in "Oakwood," unless the devise to the city is valid.

"Oakwood," containing about thirty-five acres, is situated just without the city limits, and appellant, Lester, contending that the city has no corporate power to take under the devise, because the land is not within the city (its charter conferring no express power to acquire land outside), exhibited his bill in the chancery court of Hinds county to secure cancellation of so much of the will of Mrs. Moore as devises the estate in remainder to the city as a cloud upon his title. The board of mayor and aldermen demurred to the bill, and the demurrer was sustained and the bill dismissed. From that decree complainant appeals.

The right of the city to take under the devise is attempted to be maintained upon several grounds by counsel, but, since we are satisfied of its right on one of them, it is unnecessary to consider the others. We are content to rest our decision upon the declaration that the use to which Oakwood is dedicated by the will of Mrs. Moore is a city purpose, notwithstanding the fact that the land is without the city limits. We confess our inability to appreciate the distinction, so zealously pressed in argument, between the right of a town to have a park within its corporate lines and the absence of right to acquire one, even though donated to it, if it lies beyond such lines. The purposes, it must be admitted, would be the same in either event, and that purpose would be equally public—i. e., to be enjoyed by the same persons, and for the same uses, whether located within or without the city limits. It is true the city may not have the same power of police over the park without its limits that it would over one within them, but the laws of the state would be in full operation there, and the right of the town, as owner, would be protected by them as are the property rights of natural persons. The fallacy in the argument of counsel for appellant seems to us to rest in the assumption that a town may not own property, however necessary or convenient to its corporate purposes, unless it may exercise rights of sovereignty over it. All acts of municipalities, by which parts of the sovereign power of the state delegated to it are exercised, must, of course, be performed within the territory over which the power is delegated; but a right to own property is not a sovereign right. One state may own land in another, but it can exercise no governmental control over it; for, as to such land, it stands in the position of a private person. So, a city owning a park without its limits could exercise over it only those rights and powers which spring from ownership, but it does not follow that because it may not be sovereign it may not be owner.

The subject has been so thoroughly considered by the su-

preme court of New York that we need only say that we adopt the views of that court, as expressed in the case of *Matter of Application of the Mayor, etc.*, 99 N. Y., 571. See also, 1 Dillon, Mun. Corp., § 565.

*The decree is affirmed.*