[No. 14701.   Department One. — August 5, 1892.]

ALHAMBRA ADDITION WATER COMPANY, APPELLANT, *v.* SOLOMON RICHARDSON ET AL., RESPONDENTS.

WATER RIGHT— CONSTANT FLOW — CONSTRUCTION OF JUDGMENT. — A judgment in an action to determine and define a water right, adjudging that the defendants are the owners of a quantity of the waters in question "equal to a constant flow of two and one third inches, measured under a four-inch pressure, on their said premises, and are entitled to the use of the pipes, ditches, aqueducts, and reservoirs belonging to plaintiff," for the purpose of storing, preserving, and conducting the same upon their lands, does not entitle the defendants to put into the pipe an appliance by means of which they can at *one time* accumulate a head of water greater than a constant flow of two and one third inches under a four-inch pressure, and average the flow so as to equal the amount of such constant flow, but requires them not to obstruct the flow to any greater extent at any time then the constant flow provided for by the judgment.

ID. — RIGHTS ACQUIRED BY STIPULATION — FINDING. — If by the terms of a stpulation, entered into after the commencement of the former action, the defendants acquired any rights in the waters flowing their lands in the pipes of the plaintiff, other or different from those specified in the judgment, they are entitled to be protected therein in a subsequent action involving the water right; but it is necessary that the court in such subsequent action should find whether the stipulation was made before or after the commencement of the former action, and what were its terms.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.

The facts are stated in the opinion.

*John S. Chapman,* and *Smith, Howard & Smith,* for Appellant.

*Wells, Monroe & Lee,* for Respondents.

FOOTE, C. — This action was brought to prevent the defendants from maintaining a certain water-gate in a pipe conveying water for irrigation and other purposes, belonging to the plaintiff; and to prevent the defendants from taking from that pipe a greater quantity of water than what the plaintiff claimed the defendants had a legal right to use.

The court below refused to grant the relief by injunction asked for by the plaintiff, and rendered judgment in favor of the defendants. The plaintiff moved for a new trial, which was refused, and the appeal is from the order denying its motion.

It appears by a decision of the supreme court, in a case where these same parties were litigants (72 Cal. 598), that the water right of the defendants, as against the plaintiff, was determined and defined; and it is claimed by the appellant that the court below took an erroneous view of the scope of the judgment rendered therein, and by its decision in this case allowed to the defendants certain rights in taking water from the plaintiff's water-pipe which were entirely inadmissible under the view of the matter taken by the appellate court in affirming the judgment on the former appeal.

The former judgment above alluded to defined the respective rights of the plaintiff and defendants thus:—

"It is ordered, adjudged, and decreed that the Alhambra Addition Water Company, plaintiff, is the owner of all the water and water rights being, arising, or flowing in or from that certain cañon in the County of Los Angeles, state of California, known as the Kewen Mill *of* Lake Vineyard Cañon, and of the dams, ditches, reservoirs, and pipes used by plaintiff for the purpose of diverting said waters from said cañon; and also the large iron pipe connecting with the waters of said cañon, and extending down through lands of defendants, as described and alleged in the complaint filed herein; except an amount *equal to a constant flow of two and one third* (2⅓) *inches of water flowing from said cañon, measured under a four* (4) *inch pressure, on the premises of defendants hereinafter described, which said quantity of water so excepted from plaintiff's ownership is hereby adjudged to belong to defendants for irrigation, household, and domestic purposes, as appurtenant to and for use upon the following described lands,* to wit. [Here follows description of lands.]

"Excepting, also, that the defendants own and are entitled to the use of the pipes, ditches, aqueducts, and re-

servoirs belonging to plaintiff, as hereinbefore adjudged, for the purpose of conducting, storing, and preserving the waters hereinbefore adjudged to belong to defendants, to and upon their premises as aforesaid; and it is adjudged that said defendants have the right to take said water from the pipe as now constructed at any point upon their said land for the purpose and in the quantity aforesaid.

"And it is further ordered, adjudged, and decreed that the defendants aforesaid are the owners of that certain portion and quantity of the waters described in the complaint *equal to a constant flow of two and one third* (2⅓) *inches, measured under a four* (4) *inch pressure, on their said premises, and are entitled to the use of the pipes, ditches, aqueducts, and reservoirs belonging to plaintiff,* and described in the complaint, for the purpose of storing, preserving, and conducting the same upon their lands hereinbefore described for the purposes aforesaid; and that said defendants have the right to take the quantity of water aforesaid from the pipe as now constructed at any point upon said lands above particularly described."

The court below evidently took the view, which we cannot uphold, that the defendants were entitled under this decree to put into the pipe an appliance by means of which they could at *one time* accumulate such a head of water as to take from the pipe and irrigate their lands, and use for the other purposes mentioned in the decree, any amount of the water, even to the whole of it, which might be running or flowing in the pipe, provided that they did not thereafter use any more of the water until sufficient time had elapsed that as much water should have flowed through the pipe and past the defendants' lands as would have sufficed to equal the quantity used by them. In other words, the court below seems to have held that the defendants could use eighty inches constant flow of water, all that ran in the pipe, for one day, if they should not use any more water thereafter, and all the water in the pipe should be permitted by them to run by their lands so as to be used if required by other

parties in interest for as many days and parts of days as would result from dividing eighty by two and one third.

In our view of the matter, the defendants are entitled to use any appliance to obtain from this pipe a constant flow of two and one third inches of water, measured under a four-inch pressure, for the purposes mentioned in the decree above quoted, but they are not entitled to use that appliance to take from the pipe any more water than that. There must always be permitted to flow by their lands, unused by them, all except the amount of water just mentioned. They are not authorized to use any appliance in such a way as to obstruct the flow of the water in the pipe to any greater extent than that, and they are not to be permitted to take from the pipe any more water than a constant flow of two and one third inches under a four-inch pressure.

It is alleged by the defendants that during the pendency of the action in which the foregoing judgment was rendered, a stipulation was entered into between the parties, having reference to an enlargement of the pipes below the lands of the defendants; and the court finds that in consequence of such enlargement, the pressure of the water was so reduced that it was drawn away from the house of the defendants and the higher portion of their premises, so that they were unable to receive any water for domestic use and irrigation purposes. The court finds that these acts of the plaintiff in enlarging its pipes, whereby the pressure of the water was reduced, were "in violation of a stipulation entered into between the parties hereto," but does not find whether the stipulation was made before or after the commencement of the former action, or what were its terms. If by the terms of such stipulation, entered into after the commencement of the former action, the defendants acquired any rights in the waters of the cañon flowing through their lands in the pipes of the plaintiff other than or different from those specified in the judgment, they are entitled to be protected therein in the present action. Upon a new trial the court will find the terms of the stipulation, and ren-

der such judgment as will give to the respective parties the rights acquired thereby.

For the reason that the evidence shows that they took more water at one time than they were entitled to, and that the court below based its finding as to their right upon an erroneous construction of the former judgment, we are of opinion that it committed, in this respect, error. For these reasons, we advise that the order appealed from be reversed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is reversed.

PATERSON, J., HARRISON, J., GAROUTTE, J.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.