[L. A. No. 409.  In Bank.—April 3, 1899.]

RUBY HEWITT et al., 'Respondents, v. SAN JACINTO AND
PLEASANT VALLEY IRRIGATION DISTRICT, Ap-
pellant, and SAN JACINTO VALLEY WATER COM-
PANY, Respondent. RUBY HEWITT et al., Appel-
lants, v. SAN JACINTO AND PLEASANT VALLEY
IRRIGATION DISTRICT et al., Respondents.

Irrigation—Contract of Water Company to Deliver Water—Usage
as to Accumulation—Interpretation of Contract.—A contract con-
ferring "the right to have conveyed and delivered," by mean· of
and through the canals, dams, and gates of a water company
"an amount of water equal to one irrigating inch of water to
each seven acres" of a tract of land comprising twenty acres,
and requiring the purchaser to notify the water company when
the water was required for use upon the lands in a form of
notice to be prescribed by the company, does not of itself
limit the right of the purchaser to a continual flow of one-sev-
enth of an inch to the acre; but the reasonable inference from
the provisions of the contract is that such continual flow was
not contemplated, and the interpreta ion of the contract may be
aided by proof of the usage and practice of the parties to ac-
cumulate the water for thirty days, and deliver the equivalent
amount in full flow for forty-eight hours.

Id.—Transfer to Irrigation District—Notice of Usage.—Such usage
of the water company will prevail in the interpretation of the
contract, as against an irrigation district to which the water
company transferred all of its rights, subject to the rights of
purchasers therefrom, and which took with full knowledge of
such usage, and conformed thereto for a considerable period of
time.

Id.—Pleading—"Reasonable Regulations"—Finding as to "Usages."
Under a complaint alleging in substance that in accordance with
the "reasonable regulations" governing the water company and
the irrigation district, they were accustomed to deliver the water
accumulated in the manner specified, and an answer denying
the same, issues are raised sufficiently broad to include usages
to which they respectively conformed their mode of business,
and to support a finding as to such "usages."

Id.—Proof of General and Reasonable Usage.—Evidence that the
water provided for in the contracts of the water company in-
volved in the case, and in similar contracts with other persons,
is worthless for purposes of irrigation, if it cannot be accumu-
lated; that it is the general rule among those engaged in sup-
plying water for irrigation in that portion of the state to allow
accumulation of the water for thirty days, and was the custom

of the water company, and of the irrigation district, as its successor, until the refusal of the latter alleged in the complaint, to deliver water to purchasers from the water company, so accumulated, is sufficient to sustain a finding in favor of such usage, and to characterize the usage as one known, certain, uniform, reasonable, and not contrary to law.

ID.—KNOWLEDGE OF GENERAL USAGE—PRESUMPTION.—The defendants are presumed to have had knowledge of a general usage to accumulate water; and the fact that they delivered water for a series of years in a manner conforming to the usage is matter tending to show actual knowledge of such usage.

ID.—OWNERSHIP OF LAND TO BE IRRIGATED—POSSESSION AS EVIDENCE.— If any proof was required of the ownership of the lands described in the contract, which were to be irrigated thereunder, such ownership is sufficiently proved, *prima facie*, by evidence of possession thereof by the plaintiff with whom the contract was made.

ID.—ASSUMPTION OF CONTRACTS BY IRRIGATION DISTRICT—DELIVERY OUTSIDE OF DISTRICT. — An irrigation district having purchased water rights from a water company, and having agreed, as part of the consideration, to assume existing contracts of the water company, and to deliver water to purchasers therefrom outside of the limits of the district, it cannot hold the property discharged of the burden imposed by such pre-existing contracts.

ID.—POWER OF PUBLIC CORPORATION.—A municipal corporation may for proper corporate purposes, both hold property and perform contracts beyond the municipal boundaries.

ID.—EVIDENCE— UNDERSTANDING OF PURCHASERS— HARMLESS ERROR.— The opinions of purchasers that the contracts of the water company conferred the rights to receive accumulated water are improperly admitted evidence; but the error in the admission thereof is harmless, where there is no conflict in the competent evidence to establish the general usage to that effect.

ID.—DAMAGE FOR FAILURE TO DELIVER WATER—FINDING AGAINST EVIDENCE—APPEAL—NEW TRIAL.—Where the evidence showed without conflict that some substantial damage resulted to the plaintiff from failure of the irrigation district to deliver the water, the finding of the court to the contrary is without support; and upon appeal of the plaintiff from that part of the judgment directing that no damages be recovered, a new trial must be ordered upon that issue.

APPEAL from a judgment of the Superior Court of Riverside County. J. S. Noyes, Judge.

The facts are stated in the opinion.

John T. Crowe, for Ruby Hewitt et al., Respondents and Appellants.

Bicknell, Gibson & Trask, and Gibson & Titus, for San Jacinto and Pleasant Valley Irrigation District, Appellant and Respondent.

M. C. Hester, for San Jacinto Valley Water Company, Respondent.

BRITT, C.—Ruby Hewitt and her husband, H. T. Hewitt, join as plaintiffs in this action to obtain a writ of mandate compelling the defendants to deliver on lands of the wife a flow of ninety-six and three-sevenths inches of water during the space of forty-eight hours in successive periods of thirty days, when demanded by her, and also to recover damages for previous failure of defendants to supply the water in that manner on her request. The defendant San Jacinto Valley Water Company, a corporation (which for brevity we may designate as the water company), after filing an answer took no further part in the case; the defendant San Jacinto and Pleasant Valley Irrigation District (hereinafter styled the irrigation district), a corporation formed for the purpose of promoting irrigation, etc., under the act of March 7, 1887, has appealed from that part of the judgment rendered by the court below allowing the writ as prayed by plaintiffs; and plaintiffs have appealed from that portion of the same denying their demand for damages. No question is raised as to the propriety of joinder of parties or of causes of action.

On September 25, 1890, the said water company made a contract in writing with said Ruby Hewitt, whereby it granted, bargained and sold to her, her heirs, etc., forever, "the right to have conveyed and delivered, by means of and through" its canals, dams, and gates, "an amount of water equal to one irrigating inch of water to each seven acres" of certain described land; the area of such land was twenty acres, so that the water bargained and sold amounted to two and six-sevenths inches. It was provided in said instrument that the purchaser should notify the water company "when she requires the use of the water on said lands"—the notice to be in such form as the water company might prescribe from time to time. On August 28, 1891, said water company, by a contract in form the same as

that of September 25, 1890, granted and sold to said Ruby Hewitt the right to a further "amount of water equal to" three and four-sevenths inches, to be delivered to and upon certain other lands. On August 2, 1892, the water company executed a deed conveying to said irrigation district various described lands, water, water rights, conduits, rights of way, etc.; in this instrument there was an exception of fifteen inches of water previously sold and conveyed by the water company to divers persons, which exception included the water sold to Mrs. Hewitt as aforesaid; and the deed provided that such fifteen inches of water "shall be delivered by said irrigation district" to said previous purchasers from the water company.

Prior to said transfer of August 2, 1892, by the water company to the irrigation district, the former had been accustomed to deliver the water sold to Mrs. Hewitt, as above stated, in an accumulated flow of ninety-six and three-sevenths inches during forty-eight hours in successive periods of thirty days—which is the equivalent in quantity of six and three-sevenths inches flowing constantly. And after the date of such transfer the irrigation district continued to deliver the water to Mrs. Hewitt in like manner until April 28, 1894, inclusive; the next month it refused to accumulate the same and claimed the right to deliver it in a constant flow of six and three-sevenths inches. Hence this action.

Plaintiffs alleged in their complaint most of the matters above stated, and also averred, among other things, that plaintiffs have been accustomed to allow the water to accumulate in defendants' dams, etc., for thirty days; that the rules and regulations of each defendant corporation permit such accumulation; that the same is reasonable; that said Ruby Hewitt is entitled to receive the water so accumulated, and that until the month of May, 1894, defendants delivered it in that manner. The court found that at the various times aforesaid it was and yet is the universal usage to allow water to accumulate until demanded by the consumer or it becomes deliverable under the rules of the company supplying the same, and that it was the usage in the locality where defendants carry on their business of distributing water to deliver the same in a flow for forty-eight hours, equal to the accumulation of a constant flow for

thirty days, and that said irrigation district accepted said conveyance of August 2, 1892, with full knowledge of such usages.

1. On appeal the irrigation district contends that the said findings are outside the issues—that no allegation of the complaint is sufficient to raise a question of usage. We understand the case differently; the complaint does allege in substance and effect that in accordance with reasonable regulations governing both defendants they were accustomed to deliver the water accumulated in the manner specified, and that Mrs. Hewitt has the right to receive it so accumulated, which averments the irrigation district denied. Usage may regulate conduct quite as well as formally promulgated rules; and the issue concerning the 'regulations' of defendants was broad enough to include usages to which they respectively conformed their mode of business. (Compare *Colman v. Clements,* 23 Cal. 245; *Jacob v. Day,* 111 Cal. 571.) We agree that the complaint might have been more certain in some particulars, but there was no demurrer for uncertainty.

2. It is urged—and this seems to be the principal insistence of the irrigation district—that said contracts between the water company and Mrs. Hewitt by their terms limit her right to a constant flow of the water, exclusive of any right to accumulate the same, and that averment or proof to the contrary cannot be considered. The instruments do not mention a constant flow; they grant an "amount of water equal to one irrigating inch," etc., and require the purchaser to notify the company when she desires the use of the water, the manner of notice to be subject to change by the company from time to time. The reasonable inference from these provisions is that a constant flow was not contemplated; why require notice from the purchaser *when* she wants the water if she was to receive it all the time? We see nothing in the instruments to render them 'proof and bulwark' against interpretation in the light of usage and the practice of the parties. (*Burns v. Sennett,* 99 Cal. 363; *McCarthy v. Mt. Tecarte etc. Co.,* 111 Cal. 328; *Robinson v. United States,* 13 Wall. 363.) The district relies on *Alhambra Water Co. v. Richardson,* 95 Cal. 490; that case involved the construction of a judgment determining that certain parties were the owners of a quantity of water "equal to a constant flow of two and one third inches," and it was held that no right of accumula-

tion arose thereon. Nothing appeared in the judgment indicative of a purpose that the use of the water should be intermittent, as in the contracts here; nor had the court before it any question of usage or custom of the parties as a means of interpreting the judgment. The doctrine of the case has no rightful influence in the present controversy.

3. The findings relative to usage are attacked for alleged defect of evidence to support them. There was evidence that water provided for in the said contracts of the water company with Mrs. Hewitt, and in similar contracts held by other persons, is worthless for purposes of irrigation if it cannot be accumulated; also, that it is the general rule among those engaged in supplying water for irrigation in that (the southern) part of the state to allow accumulation of the water for thirty days; that it was the custom of the water company and after it the irrigation district, until the refusal alleged in the complaint, to deliver the water in question so accumulated; and that other purchasers of the water which was the subject of the exception in the deed of the water company to the irrigation district received their supply accumulated in like manner. There was no substantial conflict in this evidence; in our opinion it sustained the finding and characterized the usage as one known, certain, uniform, reasonable, and not contrary to law. The further objection that neither of the defendants was proved to be cognizant of the usage fails also; the usage being general, they are presumed to have known it; and that they delivered water for a series of years in manner conforming to the usage is a matter tending to show that they had such knowledge actually.

It is claimed that there was no evidence that Ruby Hewitt owns the lands described in her contracts with the water company; it is not clear that such proof was essential; if, however, it was, then the fact appears sufficiently from evidence in the record that she had possession of the land—either severally or jointly with her husband—which is *prima facie* proof of ownership. (*Kelly v. Mack*, 49 Cal. 523.)

A further contention is that the irrigation district never undertook to deliver the water accumulated at intervals. There was evidence tending to show that because of the assumption by the district of the duty to deliver the fifteen inches of water

excepted in the deed of August 2, 1892, it retained the sum of twelve thousand dollars from the price it would otherwise have paid the water company as the consideration of said deed. Looking to all the evidence, we perceive no valid reason why the manner of delivery assumed by the district should be understood as anything different from that proved to have been practiced by the water company. It is suggested, rather than urged, that the district has no power to deliver water on lands outside its own territorial confines, which is the situation of Mrs. Hewitt's land. It purchased the property of the water company subject to this burden and on no just principle can hold the property discharged thereof. A municipal corporation may, for proper corporate purposes, both hold property and perform contracts beyond the municipal boundaries. (*Pasadena v. Stimson*, 91 Cal. 238, 259; *Lester v. Jackson*, 69 Miss. 887.)

4. Over the objection of the irrigation district, plaintiffs were allowed to introduce evidence that Mrs. Hewitt, and other persons holding contracts with the water company similar to hers, understood the same to confer the right of receiving the water in accumulated flow, and that this was the reasonable construction of said contracts. Plainly, the evidence was improper, but it is equally plain that the case of the district was not prejudiced thereby. Opinions of witnesses as to the meaning of said instruments could neither add to nor take from the construction which the court rightly placed on the same in view of the uncontradicted competent evidence in the case.

5. There was evidence for plaintiffs that as a consequence of withholding the water by the district for about sixty days some of the fruit trees on Mrs. Hewitt's land died, and part of the land set with alfalfa had to be reseeded; that the yield of alfalfa hay was diminished some fifty tons, worth six dollars per ton; and that the pecuniary loss was above three hundred dollars. The evidence on this point produced by the district consisted mainly of opinions to the probable effect of deprivation of water on the land in question; the witness whose testimony was most favorable to the district said the effect on the alfalfa crop would be to "cut it off some; . . . . it surely would not cut off more than one-half." It must be said that the evidence showed without conflict that some substantial damage resulted from failure

to deliver the water, and the finding of the court to the contrary is without support. An irrigation district may be sued (*Boehmer v. Big Rock Irr. Dist.*, 117 Cal. 20); and damage being proved to result from its default, the appropriate judgment should have followed. Upon defendant's appeal the judgment, so far as it is in favor of plaintiffs, should be affirmed, and, upon plaintiffs' appeal, that part of the same directing that they recover no damages should be reversed, with directions to the court below to try the issue as to damages anew.

The question whether or not the contract of the irrigation district is *ultra vires* is not presented upon this appeal. No such question, therefore, has been decided.

Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment so far as it is in favor of plaintiffs, is affirmed, and that part of the same directing that they recover no damages is reversed, with directions to the court below to try the issue as to damages anew.             McFarland, J.,   Temple, J.,
                                        Henshaw, J.,    Harrison, J.,
                                              Garoutte, J.

Rehearing denied.