[Civ. No. 165. Second Appellate District.—October 19, 1906.]

## M. E. PERRINE et al., Respondents, v. SAN JACINTO VALLEY WATER COMPANY, Appellant.

MANDAMUS—WATER CERTIFICATE—TERMS OF CONTRACT—CUMULATION OF WATER—IMPROPER JUDGMENT.—The writ of *mandamus* will only lie to compel the performance of an act which the law especially enjoins; and where the terms of a water certificate entitled the holder to a continuous flow of one-fifth of an inch of water to each of fifty acres, and permitted the holder to "elect to cumulate the use of water thereunder at any one month or

more'' of seven summer months, ''the aggregate in any month not to exceed one-fourth of the whole for that season,'' subject ''to the usual rules and regulations of the company for the distribution of water,'' a judgment in *mandamus* directing an accumulated flow of water ''twice a month in a head of flow, not exceeding sixty inches of constant flow for such period,'' is improper.

ID.—RELIEF IN EQUITY—MANDAMUS LIMITED TO TERMS OF CONTRACT.— It may be that, in a proper proceeding a court of equity would have the power, under appropriate circumstances, to deliver the water in such cumulated quantities as justice and equity might require, but in a *mandamus* proceeding the court has no such power, and can only enforce the literal terms of the contract as to cumulation, at periods of not less than one month.

APPEAL from a judgment of the Superior Court of Riverside County.   J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Frank W. Burnett, for Appellant.

Gill & Densmore, for Respondents.

SMITH, J.—This is an appeal from a judgment in a *mandamus* suit, adjudging that the plaintiffs, under the water certificate set out in paragraph III of the complaint, are ''entitled to receive thereunder a continuous flow of ten (10) inches of water . . . for and during the seven summer months, as therein mentioned . . . and to the further right to cumulate the use of said water in the way and manner set forth in the findings filed herein, and to receive from such corporation such cumulated flow of water to which they were and are so entitled twice a month in a head of flow not exceeding sixty (60) inches of water, constant flow, for such period, each time, as will be necessary to approximate the water then accumulated by them''; and ''commanding said corporation, its officers, attorneys and agents, and each and all of them, to so deliver to said petitioners, in way and manner as aforesaid, the cumulated water to which they are so entitled.''

The certificate of stock mentioned, so far as material, is as follows:

''These Fifty Certificates issued by the San Jacinto Valley Water Company, a corporation, to M. E. Perrine for fifty

acres are guaranteed by said Company to entitle the holder thereof to receive a continuous flow of one-fifth of an inch of water to each acre of land to which the same shall be devoted, or multiple thereof, as designated on the face thereof, for the seven summer months commencing on March 15th and ending on October 15th of each year, upon payment to said Company, in advance, of the sum of three dollars ($3.00) per acre for the use of water during each irrigating season. . . .

"The holder of this certificate may elect to cumulate the use of water thereunder at any one month or more of said seven months, the aggregate in any one month not to exceed one-fourth of the whole for that season. . . .

"The holders of these certificates are subject to the usual rules and regulations of said Company for the distribution of water."

Under these provisions no question can be made as to the plaintiffs' right to a continuous flow of ten inches of water during the period named in the judgment. But we can find nothing in the provisions of the contract entitling them to cumulate the water othewise than as therein provided; which, according to the construction we place upon the contract, is at periods of "one month or more." The writ of *mandamus* will lie only "to compel the performance of an act which the law specially enjoins" (Code Civ. Proc., sec. 1085). Here the only duties enjoined upon the defendant are the obligations incurred by its contract; which, according to its terms—except as modified by the rules and regulations of the company—are: To deliver to the plaintiffs a continuous flow of ten inches of water during the period specified in the judgment; or, to deliver the same in cumulated quantities at periods of not less than one month. It may be that in a proper proceeding the court, as a court of equity, would have the power, under appropriate circumstances, to direct the delivery of the water in such cumulated quantities as justice and equity might require, but in the present proceeding the court has no such power. (*Alhambra Water Co.* v. *Richardson*, 95 Cal. 490, [30 Pac. 577].) In this regard the case differs from that of *Hewitt* v. *San Jacinto etc. Irr. Dist.*, 124 Cal. 186, 190, 191, [56 Pac. 893.] There the agreement was to deliver "an amount of water equal to one irrigating inch of water to each seven acres"; and it was held that this

provision should be construed "in the light of usage and the practice of the parties." But here there is no proof or averment of usage; or, rather, it appears that the usage has been different; and the special provision as to cumulation, and the provision that the holders of certificates are subject to the usual rules and regulations of the company for the distribution of water, seem to exclude any right in them to cumulate the water otherwise than as thus provided.

The judgment appealed from is reversed.

Gray, P. J., and Allen, J., concurred.