### BROWN & HACKNEY, Inc., v. RUSHVILLE FURNITURE CO.

(Circuit Court of Appeals, Seventh Circuit. December 6, 1922.)

No. 3126.

Customs and usages ⊗⊐15(2)—Custom of trade as to meaning of words in contract is admissible.

> Since the meaning of words depends on usage, and they may have different meanings in common use, in scientific use and by uses in different branches of trade and commerce, it was admissible to show a custom in the lumber trade that a contract for the sale of a specified quantity of lumber of more than one grade, without specifying the proportion of the grades, gave the seller the option to deliver the grades in such portions as he might reasonably choose, so that a complaint setting forth such a contract and alleging the custom was good against demurrer.

In Error to the District Court of the United States for the District of Indiana.

Action at law by Brown & Hackney, Inc., against the Rushville Furniture Company. Judgment for defendant on sustaining a demurrer to the complaint, and plaintiff brings error. Reversed.

Samuel D. Miller, of Indianapolis, Ind., for plaintiff in error.

H. M. Dowling, of Indianapolis, Ind., for defendant in error.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge.   Plaintiff in error asks a reversal of the ruling of the District Court, sustaining a demurrer to its complaint, against defendant in error, for damages for refusal to receive lumber under an accepted order for "100,000 ft. 8/4 No. 1 common and better qrtd. red gum, sap no defect; 1's and 2's at $155 per M. ft.; No. 1 common at $145 per M. ft."

The demurrer was sustained on the ground that the contract, otherwise conceded to be good, was void because there is nothing in the contract from which the quantities as between the classes, viz. No. 1 common and 1's and 2's can be determined.   The case turned upon the alleged insufficiency of the following language in the complaint, viz.:

"Plaintiff further alleges that there is a long-established, notorious, reasonable, and general custom in the lumber business that an agreement for the purchase and sale of a definite quantity of a definite kind of lumber in two specified grades that does not specify the proportion of each of such grades, gives the seller the right and privilege to deliver the purchaser such proportions of such grades as the seller may reasonably choose and obligates the purchaser to accept and pay for the same.   That plaintiff and defendant each knew of said custom, observed and acquiesced in same, and in their prior dealings as well as in making the contract hereinbefore set out, contracted with reference to said custom."

The allegation is that the parties contracted with reference to a usage of the trade, known to and acquiesced in by both, viz. that words in such a contract, specifying material to be delivered in two or more grades, without stating the amount of each grade, mean that the seller has the right to deliver to the purchaser the grades named in such proportions as the seller may reasonably choose, and that the purchaser is obligated to accept and pay for the same.

We go to dictionaries to learn the meaning of words unfamiliar to us, but the dictionary maker first must go to people and learn from them the meaning attached by them to words used in speaking and writing.   By usage, one word is not uncommonly given several meanings, and the meaning attaching to a word sometimes depends upon many things.   Words well known in common use have one meaning, scientifically used they have another, and by usage in different branches of trade and commerce they become impressed with wholly different meanings, well known by those in the trade or business where used, but wholly unknown to the uninitiated.   This is clearly expressed and very fully illustrated by paragraphs 650 and 651, 2 Williston on Contracts.

There is no question here of changing or adding to a written contract by parol evidence.   The simple question is:   Has the plaintiff the right to show that the words quoted had to the parties writing them in the contract the meaning alleged?   It is fundamental to the right understanding of the meaning of words, written or spoken, that it shall be known what meaning was attached to them by those who used them. That parties, who contract on a subject-matter concerning which

known usages prevail, by implication incorporate them into their agreement, is the language of the court in Robinson v. U. S., 80 U. S. (13 Wall.) 363, 366, 20 L. Ed. 653, and in 17 Corpus Juris, p. 492, is found a long list of cases, headed by Hostetter v. Park, 137 U. S. 30, 11 Sup. Ct. 1, 34 L. Ed. 568, where the above language is quoted.

The judgment is reversed.

---

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes