### KOCKOS et al. v. C. ITOH & CO., Limited.

(Circuit Court of Appeals, Ninth Circuit. April 2, 1923. Rehearing Denied May 14, 1923.)

#### No. 3,926.

1. **Customs and usages** ⊚⇒15(2)—**Seller held to have complied with contract under trade usage; "40 count average."**

   A contract for sale of peanuts, 40 count average, meaning 40 per ounce *held* complied with by the seller by tender of peanuts of 38–40 and 36–38 count; the larger peanuts which are the more valuable, being by a custom of the trade uniformly accepted under contracts for the smaller size.

2. **Customs and usages** ⊚⇒13—**Incorporated in mercantile contracts by implication.**

   Merchants contracting on a subject-matter concerning which known usages prevail by implication incorporate them into their agreements, if nothing is said to the contrary.

In Error to the District Court of the United States for the Second Division of the Northern District of California.

Action at law by C. Itoh & Co., Limited, against Harry Kockos and Andrew Kockos, partners as Kockos Bros., and Kockos Bros., a

partnership. Judgment for plaintiff, and defendants bring error. Affirmed.

John S. Partridge and Raymond Perry, both of San Francisco, Cal., for plaintiffs in error.

Brownstone & Goodman, of San Francisco, Cal., for defendant in error.

Before GILBERT, MORROW, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. [1] The plaintiff and the defendants in the court below, entered into a written contract whereby the plaintiff agreed to sell and the defendants agreed to buy 100 tons of Chinese shelled peanuts, 40 count average, at 12 cents per pound. It was stipulated in the contract that the Seattle Chamber of Commerce certificate of inspection should be final as to crop, count, quality, and condition. The seller tendered 2,000 sacks of peanuts in fulfillment of this contract, the certificates of inspection showing that one lot of 400 sacks was 38–40 count and the remaining lot of 1,600 sacks 36–38. The buyers offered to accept the 400 sacks, but rejected the 1,600 sacks for the sole reason that the count did not conform to the requirements of the contract. The seller thereupon brought this action to recover damages for the breach, and a judgment in its favor is now before us for review.

The plaintiffs in error contend that the Chamber of Commerce certificate of inspection was final as to count, and that the 1,600 sacks tendered did not satisfy the requirements of the contract in that regard. The court below admitted testimony, over objection, tending to show that at the time the contract was entered into there was a well-known usage in the trade according to which 36–38 and 38–40 count peanuts were uniformly accepted under contracts calling for 40 count peanuts, and charged the jury that if this custom or usage was proved their verdict should be in favor of the defendant in error. These rulings were manifestly correct. It appeared from the testimony that 40 count means 40 per ounce; that the larger peanuts are the more valuable, and are uniformly accepted under contracts calling for the delivery of the smaller ones, because the larger ones will serve every purpose of the smaller. The testimony offered did not tend to change or modify the written contract. Counsel for plaintiffs in error concede that the 38–40 count peanuts satisfied the requirements of the contract calling for 40 count average, but maintains, inconsistently as it seems to us, that the 36–38 count did not. If custom or usage modified the contract to the extent admitted, why not to the extent claimed?

[2] But, aside from this, the contracts of merchants are usually brief and abbreviated, and are always made with reference to the known usages of the trade. As stated by the court in Robinson v. United States, 13 Wall, 363 (20 L. Ed. 653):

"Parties who contract on a subject-matter concerning which known usages prevail, by implication incorporate them into their agreements, if nothing is said to the contrary."

See, also, Hostetter v. Park, 137 U. S. 30, 11 Sup. Ct. 1, 34 L. Ed. 568; Brown v. Rushville Furniture Co. (C. C. A.) 285 Fed. 376.

There is no error in the record, and the judgment of the court below is affirmed.