## STRAESSER–ARNOLD CO. v. FRANKLIN SUGAR REFINING CO.[*]

(Circuit Court of Appeals, Seventh Circuit. May 26, 1925. Rehearing Denied October 1, 1925.)

No. 3505.

**1. Frauds, statute of ⬳116(6)—Broker may act as agent to bind both parties.**

As respects requirements of statute, a broker may act as agent to bind both parties.

**2. Frauds, statute of 118(4)—Correspondence between seller and buyer, referring to contracts by number, which orders buyer recognized and requested canceled, satisfied statute.**

In suit for breach of three contracts for sale of sugar, where seller's letter to buyer referred to contracts by number, and buyer in telegram and letter recognized such order, and asked that they be canceled, *held,* that this satisfied statute as to requirement that contracts be signed in writing by parties to be charged.

[*]Certiorari denied 46 S. Ct. 208, 70 L. Ed. —.

**3. Frauds, statute of ⚖106(1)—Contracts held not indefinite.**

Contracts for sale of sugar were not unenforceable under statute of frauds, as too indefinite and uncertain, where evidence showed that the language of the memoranda, as understood by the trade, fixed definitely the price and quality.

**4. Frauds, statute of ⚖120—Law of forum applies to construction and application of statute.**

The applicable statute of frauds, making compliance with its requirements condition of enforceability of contracts, held, that law of forum should apply in the application and construction thereof.

**5. Customs and usages ⚖15(1)—Terms of contract for sale of sugar as set forth in correspondence properly made more definite and certain, and enforceable, by alleging and proving customs of trade.**

In an action for breach of three contracts for sale of sugar, indefinite and uncertain terms in correspondence as to quality and price of sugar purchased could be made more definite and certain, and enforceable, by alleging and proving customs of trade.

**6. Sales ⚖384(2)—Difference between contract price and market price at time of delivery is measure of damages for breach of sale of sugar.**

In action for breach of three contracts for sale of sugar, where first contract provided for delivery during August, and other contracts for delivery during September, and seller proved it was at all times from and after August 14 able and willing to make deliveries, held, that date of breach of first contract should be found August 31, and other contracts September 30, and damages allowed for difference between contract price and market price on those dates.

In Error to the District Court of the United States for the Northern Division of the Southern District of Illinois.

Action by the Franklin Sugar Refining Company against the Straesser-Arnold Company. Judgment for plaintiff, and defendant brings error. Judgment modified and affirmed.

George J. Jochem and F. F. Beckman, both of Peoria, Ill., for plaintiff in error.

Wm. A. Bradford, of Chicago, Ill., for defendant in error.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Defendant in error, Franklin Company, brought suit against plaintiff in error, Straesser-Arnold Company, for damages for breach of three contracts for the sale of sugar, dated May 28, June 4, and July 14, 1920, respectively. The defense relied on was the statute of frauds. The defendant introduced no evidence material to the issues, and the court directed a verdict for Franklin Company for $7,728.38, and entered judgment for that amount. Straesser-Arnold Company sued out this writ and assigned many errors, but with the exception of those relating to the measure of damages they all turn upon the defense of the statute of frauds. The questions chiefly discussed in the briefs and pressed upon the argument relate to this defense.

Franklin Company is a refiner of and dealer in sugars, Straesser-Arnold Company is a wholesale grocer, and Jones Bros. are coffee and sugar brokers. At the time of the making of the contracts Franklin Company notified Jones Bros. that it had sugar for sale. Jones Bros. notified Straesser-Arnold Company, and Straesser-Arnold Company ordered Jones Bros. to book orders for it. Jones Bros., on blanks furnished by Franklin Company, made out the orders, and in space marked "Sold by" signed "Jones Bros." Several copies of the orders were made; one copy was sent to Franklin Company, one to Straesser-Arnold Company, and one was retained by Jones Bros. Franklin Company accepted the orders and sent confirmation of same to Jones Bros., who sent them to Straesser-Arnold Company who retained them and produced them at the trial. Prices dropped, Straesser-Arnold Company refused to take the sugar, and the suit was brought.

[1] Plaintiff in error contends that the contracts are Pennsylvania contracts; that, being such, the Pennsylvania statute of frauds applies; that under that statute, as construed by the Supreme Court of Pennsylvania, the contracts are unenforceable, because not "signed by the party to be charged or his agent in that behalf," and because they are too indefinite and uncertain. The law is well settled that a broker, such as Jones Bros., may act as agent for and bind both parties, and this appears to be the situation here. Aside from this, letters and telegrams introduced in evidence contain full recognition and acknowledgment of the contracts, and therefore of the authority of Jones Bros. to bind the parties. On August 14, 1920, Straesser-Arnold Company sent to Franklin Company the following telegram:

"Peoria, Ill., August 14, 1920.

"Franklin Sugar Refining Co., Philadelphia, Pa. Cancel all of our orders for sugar. We cannot raise the funds to pay for same due to the fact that banks refuse further loans.

"The Straesser-Arnold Company."

On August 19 Franklin Company answered this telegram by letter as follows:

"The Straesser-Arnold Co., Peoria, Ill.— Dear Sirs: We have your telegram of 14th

inst., reading: 'Cancel all of our orders for sugar. We cannot raise funds to pay for same due to the fact that banks refuse further loans.' We find that prior to the receipt of this telegram instructions had been issued by our delivery department to withhold, if convenient, shipment of your order July 31, No. 7124, equivalent of 99 barrels of sugar applying against contract May 28, No. 840, for shipment during August or as soon as possible thereafter, the order being marked for shipment, according to previous advices, 'not before August 25.' This latter clause has now been removed, so that we will await your further advice before shipment, bearing in mind, however, in this connection, you must consider our position under the circumstances—possible lack of storage space and irregular car supply by the carriers, requiring that we still reserve the privilege of forwarding the shipment, if found necessary, before hearing further from you. You also have on contract deliveries for September or as soon as possible thereafter, covered by contract No. 2192, equivalent of 30 barrels, and contract No. 5749, equivalent of 28 barrels.

"Yours very truly,

"Franklin Sugar Refining Company.

"Copy for Messrs. Jones Bros., Peoria, Ill."

In reply to this letter, on August 21 Straesser-Arnold Company sent the following telegram:

"Peoria, Ill., August 21, 1920.

"Franklin Sugar Co., Philadelphia, Pa. Money conditions remain unchanged with us. We cannot accept any more sugar. Do not ship.

"The Straesser-Arnold Company,"

—and on the same date wrote this letter:

"Peoria, Ill., August 21, 1920.

"Franklin Sugar Refining Co., Philadelphia, Pa.—Gentlemen: We are in receipt of your favor of the 19th inst. and wired you as follows: 'Money conditions remain unchanged with us. We cannot accept any more sugar. Do not ship.' We are asking you to cancel all sugar orders for the simple reason that we have a houseful of sugar which was bought with borrowed money and we can't borrow any more. It would only be an extra expense to have sugar come here and we would be obliged to refuse same. We regret the present conditions, which are entirely beyond our control.

"Yours very respectfully,

"The Straesser-Arnold Company,

"Per F. Frey."

"A written recognition of the contract, expressed either in one writing or in several taken together, even with the request for a release, refusal to perform the contract or the denial of its validity, is sufficient under the statute." Franklin Sugar Refining Co. v. Egerton (C. C. A.) 288 F. 698.

[2] The above correspondence refers to the three contracts in suit by number, and it is these "orders" that Straesser-Arnold Company recognized as theirs and asked to be canceled. This satisfies the law as to signing the contracts.

[3] Two cases decided by the Supreme Court of Pennsylvania, Franklin Sugar Co. v. Howell, 274 Pa. 190, 118 A. 109, and Franklin Sugar Co. v. Kane Milling & Grocery Co., 278 Pa. 105, 122 A. 231, 29 A. L. R. 1213, are cited to show the construction of the statute. Upon this we are satisfied with the observation made by the Court of Appeals of the Fourth Circuit in Franklin Co. v. Egerton, supra:

"The defendants next contend that * * * they are not bound because of the indefiniteness and uncertainty of the memoranda as to the quality and price of the sugar purchased. For this position they rely chiefly on Franklin Sugar Refining Co. v. Howell, 274 Pa. 190, 118 A. 109, holding that a memorandum like that involved here was too indefinite to constitute the basis of a valid contract. That case was decided on the pleadings, the court holding that no definite contract of sale was alleged. We are deciding a case in which the evidence shows that the language of the memoranda as understood by the trade fixed definitely the price and quality."

The same observation may be made as to the later case of Franklin Co. v. Kane Milling & Grocery Co., 278 Pa. 105, 122 A. 231, 29 A. L. R. 1213. There the court below sustained a demurrer to the complaint and the Supreme Court affirmed the case.

[4] But we think that in the construction and application of the statute of frauds the law of the forum applies. The language of the statute, so far as applicable to this case, is the same in the Pennsylvania and Illinois statutes: "A contract to sell or a sale of any goods, or choses in action, of the value of $500 or upwards *shall not be enforceable by action* unless * * * some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

The original English statute for the prevention of frauds and perjuries, after which most of the American statutes appear to be modeled, provided in section 4 that "no ac-

tion shall be brought * * * unless the agreement upon which the action shall be brought or some memorandum or note thereof shall be signed, etc." And in section 17, "No contract *shall be allowed to be good* except * * * that some note or memorandum in writing of. the bargain be made and signed, etc."

Section 4 has been held to apply to the remedy or the enforcement of the contract, while in some cases section 17 has been held to go to the validity of the contract. But this distinction has not met with general approval, some cases holding that the statute of frauds as a whole relates to the remedy, and that the statute in force in the jurisdiction where the action is brought governs in all cases. The language of the provision here under consideration "shall not be enforceable by action" would seem to leave little room for discussion upon this question. Judge Baker, in the Circuit Court of Indiana in Buhl v. Stephens, 84 F. 922, had this precise question before him and after reviewing the authorities concluded that "whatever relates to the remedy, and constitutes a part of the procedure, is determined by the law of the forum; but whatever goes to the substance of the obligation, and affects the rights of the parties growing out of the contract itself, or inhering in it, is governed by the lex loci contractus," and applied the statute of frauds of Indiana in a suit upon a contract made and to be performed in Pennsylvania. In so ruling he said: "The language of the statute clearly imports that the agreement precedes the written memorandum, and may exist as a complete and valid agreement, independent of the writing. The memorandum is merely the evidence by means of which the agreement is to be established. * * * The statute relates simply to the nature or quality of the evidence necessary to establish the agreement, and does not touch the obligation or validity of the agreement when admitted or properly proved."

[5] In Brown & Hackney v. Rushville Furniture Co., 285 F. 376, this court held that a memorandum quite-as indefinite as the ones under consideration could be made definite and certain, and enforceable, by alleging and proving usages of the trade. The case here comes well within the ruling in that case. The Franklin Company in its declaration set forth the contracts and by apt words alleged and upon the trial proved customs and usages in the trade which make the contracts valid and enforceable. The court below properly construed and applied the law

in respect to this, and there is no available error in the record, except as to the measure of damages.

[6] The court fixed as the date of the breach November 23, 1920, at which time Straesser-Arnold Company informed Jones Bros. that the matter was closed so far as it was concerned. The contract of May 28 provided for delivery during August or as soon thereafter as possible, and the contracts of June 4 and July 14 for delivery during September or as soon thereafter as possible. As the Franklin Company averred in its declaration and proved upon the trial that it was at all times from and after the 14th day of August, 1920, ready, able, and willing to deliver, the clause "as soon thereafter as possible" may be disregarded, and the date of the breach of the first contract should have been found to be August 31, and that of the second and third contracts September 30, and the damages should be the difference between the contract price and the market price at these dates. Upon this basis the damages should have been $4,387.80.

As this error can be corrected without the expense and delay of a new trial, it is ordered that if, within 30 days from the filing of this opinion, there shall be exhibited in this court a certificate of the clerk of the District Court showing a remittitur by the plaintiff in the action of the sum of $3,340.58, judgment for the amount, as so reduced, will be affirmed, with costs of this court on this writ of error divided equally between the parties; otherwise, such order will then be entered herein as to the court shall seem proper.