## ROTHENBERG v. H. ROTHSTEIN & SONS.

### No. 7294.

United States District Court
E. D. Pennsylvania.

April 5, 1949.

Milton H. Friedman, Buffalo, N. Y., for plaintiff.

Hirsh W. Stalberg, Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is a motion for a new trial and for entrance of judgment in accordance with a motion for a directed verdict.

At the oral argument, counsel for the defendant contended that the motion for a new trial was not being pressed and he was

proceeding solely on his motion for directed verdict under Rule 50,[1] Federal Rules of Civil Procedure, 28 U.S.C.A.

The sole ground relied upon by the defendant is that the Statute of Frauds, 69 P.S.Pa. § 42, was not satisfied. The defendant pleaded the Statute of Frauds in his answer, but no mention whatsoever was made to it at the trial; no objection was made to testimony that had a bearing in connection therewith; neither was it argued to the court at the close of the trial, nor was it in anywise brought specifically to the attention of the court before its charge to the jury, nor was exception taken to the charge because it was not specifically refered to. No motion as such was made at the close of the defendant's case for a directed verdict except that it may be considered in the catchall point for charge "under all the facts of the law applicable thereto, your verdict should be for the defendant". It would seem that the raising of the question now is an after thought and in all fairness that the defense of the statute pleaded in the answer was deemed to be abandoned. It would seem that an objection, such as now raised, should be timely made, in order that the court might have an opportunity to rule directly as well as clarify the issue with respect thereto. Blair v. Cullom, 2 Cir., 168 F.2d 622; Bolan v. Lehigh Valley Railway Co., 2 Cir., 167 F.2d 934; A. M. Webb & Co., Inc., v. Robert P. Miller Co., D.C.E.D.Pa., 78 F.Supp. 24.

However, treating this as a motion for a directed verdict, properly made, we have no hesitancy in finding that there was a sufficient memorandum here, to comply with the Statute of Frauds. The contract concerns itself with a carload of peas which the defendant wished to purchase, with the quality of the peas as well as the price, all of which were done by telephonic communication on March 23, 1944 at 12:04 P.M. On the same date, at 4:50 P.M., a telegram was dispatched from the defendant to the plaintiff confirming the shipment, the type of peas, and the price to be delivered Buffalo acceptance final. An invoice dated March 23, 1944 mailed by plaintiff to defendant from Buffalo covered the shipment of peas. A telegram from defendant to plaintiff, dated March 27, 1944, showed complaint on the part of the defendant of the car, but no rejection, and a further telegram from the plaintiff dated March 27, 1944 at 3:25 P.M. advised the defendant that he could have sold them without any trouble on Friday and Saturday, and that he wished he had never sold defendant the car. A further telegram from defendant to plaintiff, dated March 28, 1944 at 3:12 P.M. advised as follows: "Unable reach you telephone late yesterday afternoon also today first place did not personally read your wire Buffalo acceptance final otherwise would not have accepted same. This wire misplaced by one of our clerks. Dislike complain but car peas not up your specification" etc.

It would seem that from these communications, sufficient memorandum was had to bring the contract within the Statute of Frauds, Straessner-Arnold v. Franklin Sugar Refining Co., 7 Cir., 8 F.2d 601; Franklin Sugar Co. v. Howell, 274 Pa. 190, 118 A. 109, in that the last telegram dated March 28, 1944 showed the defendant accepted the shipment by its own admission. The use of the word "acceptance" in the trade has all the implications of receipt and further the regulations of the Department of Agriculture define acceptance as the failure to reject a rail shipment within twenty four hours after notification of arrival.

Accordingly, defendant's motion for a new trial and its motion to have the judg-

---

[1] "Motion for a Directed Verdict. (a) When made: Effect. A party who moves for a directed verdict at the close of the evidence offered by an opponent * * *. A motion for a directed verdict shall state the specific grounds therefor. (b) Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; * * *."

ment set aside and judgment entered in accordance with its motion for a directed verdict are denied.