### THE STATE *v.* THE JUDGE OF THE SIXTH JUDICIAL DISTRICT.

The Judge of the District Court, *ex proprio motu* dismissed plaintiff's suit, on the ground that the amount claimed was stated fictitiously with the view of giving the court jurisdiction. Plaintiff applied for an appeal which was refused. On application for a *mandamus*, *Held*: the right of petitioner to an appeal cannot be doubted. The matter in dispute exceeds $300, and the petitioner has a right to obtain the judgment of the appellate court, on all the questions which have been or might have been passed upon in the inferior tribunal.

ON an application for a *mandamus* to the Judge of the Sixth Judicial District Court. *J. Joor*, for petitioner.

OGDEN, J. (SLIDELL, C. J., and BUCHANAN, J., absent.) On the application of *S. Poncabaré* for a writ of *mandamus*, the Judge, against whom the rule is prayed for, has waived the formality and delays of the usual preliminary order, to show cause why a peremptory *mandamus* should not issue and relies on what is contained in the transcript of the proceedings in the court below, in justification of his refusal to grant the petitioner the relief by him prayed for.

It appears that the petitioner instituted a suit for $1000 damages against one *Raymond Lafon*, for an alleged trespass, which consisted in the said *Lafon's* entering upon his premises, breaking down his fences and buildings, &c. He also alleged in his petition, as a ground for damages, the violation by said *Lafon* of a contract of lease, under which petitioner held possession of the premises at a stipulated rent of twenty dollars per month, the lease to continue for the space of three years. On the trial of the case before a jury, the plaintiff offered certain parol evidence in relation to the contract of lease which was objected to and rejected by the court, and a bill of exceptions moved.

The court at a subsequent stage of the proceedings when the evidence was closed, *ex propiro motu* ordered the jury to be discharged and dismissed the plaintiff's suit on the ground that the amount claimed by the plaintiff in the suit, was stated fictitiously with the view of given the court jurisdiction, and that the evidence only established an amount of actual damages sustained by the plaintiff, below the amount necessary to give the court jurisdiction.

The petitioner then applied for an appeal to this court which was refused on the ground of want of jurisdiction.

The right of the petitioner to an appeal, we think, cannot be doubted. The matter in dispute exceeds $300, and the petitioner has a right to obtain the judgment of the appellate court, on all the questions which have been or might have been passed upon in the inferior tribunal.

We cannot undertake on this application to decide any question presented by a bill of exceptions taken on the trial, nor can we now enquire into the correctness of the judgment rendered below, dismissing the suit for want of juris-

STATE
v.
JUDGE SIXTH JU-
DICIAL DISTRICT.

diction, but in aid of our appellate jurisdiction and with a view to the decision of all the points involved in the regular course pointed out by law, we will order a peremptory *mandamus* to issue, requiring the District Judge to grant the petitioner an appeal on his complying with the requisites of law.

It is therefore ordered and adjudged, that a peremptory *mandamus* issue in this case, directed to the Judge of the Sixth Judicial District, holding sessions of the District Court of the parish of East Baton Rouge, commanding him to grant to the petitioner an appeal to this court from the judgment rendered in the suit of *S. Poncabaré* v. *Raymond Lafon*, dismissing the plaintiff's suit, on the petitioner's furnishing bond and security as required by law.