## VISO v. PORTO RICO SUGAR CO.

APPEAL from the District Court of San Juan.

No. 681.—Decided April 11, 1911.

APPEAL—JUDGMENT OF DISMISSAL.—A judgment rendered by the court below dis-
missing a complaint on motion of the plaintiff himself is final, and from it
an appeal may be taken.

The facts are stated in the opinion.
*Messrs. Hord & Scoville* for appellant.

*Messrs. Antonio Alvarez Nava* and *José Hernández Usera* for the adverse party.

Mr. Justice del Toro delivered the opinion of the court.

An appeal having been taken by the defendant from the judgment of dismissal rendered in this case by the District Court of San Juan and entered by the secretary thereof, the complainant filed a motion with this Supreme Court praying the dismissal of the appeal on the ground that said judgment of dismissal was not appealable.

We have carefully studied all the arguments advanced by counsel for both parties at the hearing of the motion, and in our judgment the motion should be denied.

Section 295 of the Code of Civil Procedure provides that, among other cases, an appeal may be taken to this Supreme Court from a final judgment delivered in an action by a district court.

"The dismissal of a bill in chancery or of a suit at law, since it fully disposes of that action, is a final judgment; it is a final decision of the case as against all claims made by it, although it may not be a final determination of the rights of the parties, as they may be presented in some other action　*　*　*.　But an appeal does not lie from an order directing the dismissal of the suit, but only from the judgment entered on such order." (1 Black on Judgements, p. 40.)

In the case of *Evans* v. *Johnson,* decided by the Supreme Court of California December 2, 1896 (46 Pac. Rep., 906), a distinction is made between an order for the dismissal of a case and the judgment entered in compliance with such order, and it is held that until a judgment of dismissal is entered an action is considered as pending.

In Cyc., Vol. 2, page 595, it is stated as a general rule, based on a great number of authorities, that an appeal may be taken from a judgment of dismissal or nonsuit, as such judgment is a final determination of the cause.

The Supreme Court of Louisiana, in the case of *The State* v. *The Judge of the Sixth Judicial District* (9 La. Ann., 353), it having been shown that the district judge, *ex propio motu,*

had dismissed the plaintiff's suit on the ground that the amount claimed was stated fictitiously with a view of giving the court jurisdiction, and that an appeal had been applied for and refused, on application for a *mandamus, held:* That "the right of petitioner to an appeal cannot be doubted. The matter in dispute exceeds $300, and the petitioner has a right to obtain the judgment of the appellate court on all the questions which have been or might have been passed upon in the inferior tribunal."

The Supreme Court of Idaho, in the case of *Lalande et al.* v. *McDonald et al.* (2 Id., 307), said: "A judgment of nonsuit is a final judgment within the meaning of our code, from which an appeal will lie," and such doctrine may perfectly be applied to the case of a judgment of dismissal.

Taking into account the foregoing, and it appearing that in this case not only the dismissal of the action was ordered by the court but the judgment of dismissal was duly entered, such judgment is final and from it an appeal does not lie.

*Motion denied.*

Chief Justice Hernández and Justice MacLeary, and Wolf concurred.

Mr. Justice Aldrey took no part in the decision of this case.