## Viso *v.* Puerto Rico Sugar Co.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª.

Moción para desestimar la apelación.

No. 681.—Resuelto en abril 11, 1911.

Desestimación de Apelación—Sentencia de Desistimiento—Apelación.—Una sentencia dictada por la corte inferior, desestimando una demanda a moción del propio demandante, es definitiva y contra ella cabe el recurso de apelación.

Los hechos están expresados en la opinión.

Abogados de la parte promovente: *Sres. Hord y Scoville.*

Abogados de la parte contraria: *Sres. Antonio Alvarez Nava y José Hernández Usera.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Interpuesta apelación por la demandada contra la sentencia de desistimiento pronunciada en este caso por la Corte de Distrito de San Juan y debidamente registrada por el secretario de la misma, el demandante presentó una moción en esta Corte Suprema solicitando que se desestimara el recurso, por el fundamento de que la dicha sentencia de desistimiento no era apelable.

Hemos estudiado cuidadosamente todos los razonamientos aducidos por los abogados de ambas partes en el acto de la vista de la moción y a nuestro juicio, la moción debe declararse sin lugar.

El artículo 295 del Código de Enjuiciamiento Civil establece que, entre otros casos, pueda interponerse apelación para ante esta Corte Suprema contra una sentencia definitiva pronunciada en un pleito por una corte de distrito.

"La desestimación de una demanda en equidad o de un pleito en ley, puesto que decide enteramente el caso, es una sentencia definitiva; es una decisión definitiva del caso con respecto a todas las reclamaciones hechas en el mismo, aun cuando no puede considerarse como una determinación final de los derechos de las partes, según puedan presentarse en otra acción    *    *    *.    Pero una apelación no procede contra una orden decretando la desestimación del pleito, sino solamente de la sentencia registrada basándose en tal orden."

1 Black on Judgments, página 40.

En el caso de *Evans* v. *Johnson,* decidido por la Corte Suprema de California el 2 de diciembre de 1896, 46 Pac. Rep., 906, se distingue entre la orden decretando la desestimación del caso y la sentencia registrada en cumplimiento de tal orden y se resuelve que mientras la sentencia no se registra, el pleito se considera pendiente.

Cyc., tomo 2, página 595, consigna como regla general, basándose en gran número de autoridades, que una apelación puede interponerse contra una sentencia de desistimiento

(*dismissal*) o de sobreseimiento (*nonsuit*) dado que tal sentencia es una determinación final del caso.

La Corte Suprema de Luisiana en el caso de *The State v. The Judge of the Sixth Judicial District,* 9 La. Ann., 353, habiéndose demostrado que el Juez de Distrito, *motu propio,* había desestimado el pleito por el fundamento de que el montante reclamado se describía ficticiamente con el objeto de conferir jurisdicción a la corte, y que se había interpuesto apelación y se había denegado el recurso, en una solicitud de *mandamus,* resolvió: "que el derecho del peticionario a apelar no puede cuestionarse. La materia en disputa excede de 300 dollars y el peticionario tiene derecho a obtener la sentencia de la corte de apelación en todas las cuestiones que hayan sido o puedan haber sido resueltas por la corte inferior."

La Corte Suprema de Idaho, en el caso de *Lalande et al. v. McDonald et al.,* 2 Id., 307, dijo: "Una sentencia de sobreseimiento (*nonsuit*) es definitiva dentro del significado de nuestro Código y contra ella puede interponerse recurso de apelación," y tal doctrina puede aplicarse perfectamente al caso de una sentencia de desistimiento.

Habiendo en consideración todo lo expuesto y apareciendo que en este caso, no sólo se ordenó por la corte que se desestimara el pleito, sino que se registró la sentencia de desistimiento en debida forma, tal sentencia es definitiva y contra ella cabe el recurso de apelación.

*Denegada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary y Wolf.

El Juez Asociado Sr. Aldrey, no intervino en la resolución de este caso.