[Civ. No. 2595.   Second Appellate District.—October 31, 1918.]

## AGNES O'BRIEN, Appellant, v. NEW METHOD CO-OPERATIVE LAUNDRY COMPANY (a Corporation), Respondent.

NEGLIGENCE—PERSONAL INJURIES — ACTION FOR DAMAGES — CONTRIBU-TORY NEGLIGENCE—SUFFICIENCY OF ANSWER—THEORY OF TRIAL.—In an action for damages for personal injuries which was tried on the theory that contributory negligence of the defendant was in issue, the sufficiency of the answer to present such issue cannot be questioned for the first time on appeal from a judgment for the defendant.

ID.—INSTRUCTIONS—PRESUMPTIONS IN FAVOR OF RECORD.—Where in such case the bill of exceptions does not contain all the instructions given, but only those the giving and refusal of which are assigned as error, an appellate tribunal will assume that if the whole charge of the court were before it, it would not show error, but that any imperfections of instructions were harmonized and the law was correctly stated.

APPEAL from a judgment of the Superior Court of Los Angeles County.   J. P. Wood, Judge.

The facts are stated in the opinion of the court.

James Donovan and John L. McGonigle, for Appellant.

Elmer R. McDowell and R. C. Gortner, for Respondent.

JAMES, J.—Appeal from a judgment in favor of defendant, entered upon a verdict returned by a jury.   There is also an appeal taken from an order denying a motion for new trial.

Plaintiff was operating a shirt-ironing machine in the establishment of defendant.   The machine was arranged in such a way that, after the shirt was placed upon a board or holder, the board was made, by mechanical means, to pass forward and backward underneath hot rollers.   The fingers of plaintiff's right hand were caught in the rollers and burned. She alleged that the machine was unsuitable and dangerous in that it would, without warning, act irregularly and "jump"; and that because of the "jumping" her hand was caught and her fingers burned and injured.   Defendant

denied negligence on its part, and alleged further "that if plaintiff was injured in the operating of said machinery the said alleged accident was due to plaintiff's carelessness in operating the said shirt polisher." It is first contended that this allegation was insufficient to present the issue of contributory negligence. However, we find upon examining the statement of the evidence, that testimony without objection was introduced tending to show, and from which the jury might rightly conclude, that in operating the machine plaintiff was habitually negligent in not giving close attention to her work, and that she had been advised that she should be careful and "keep her eye on the work while she was ironing, because the machine was dangerous." There was testimony also by others who operated the machine before and immediately after the accident, that it was in good working order, and that it did not "jump," as the plaintiff asserted it did. It is very clear that the parties to the suit considered that the issue of contributory negligence was before the court and that they tried the case upon that assumption. While there was a demurrer to the answer, it appears not to have been specially pointed to the alleged insufficiency of the plea of contributory negligence.

Counsel for appellant further insist that on the mere testimony as stated by the plaintiff, that the machine worked in an irregular manner, a *prima facie* case was made out and that there was no evidence sufficient to overcome it. Suffice it to say that it was for the jury to take the whole case as made by the evidence on behalf of both plaintiff and defendant and determine the fact of negligence or the lack of it.

A number of instructions are referred to as having been given and refused, for which error is claimed. The bill of exceptions does not contain all of the instructions given by the court, but only those the giving of which and refusal to give which are made the subject of the claim of error. In such a state of the record we must assume that were the whole charge of the court before us, it would not show error, but that any imperfections of instructions as are exhibited here were harmonized and that a correct statement of the law was made. (*Harris* v. *Barnhart,* 97 Cal. 546, [32 Pac. 589]; *Churchill* v. *More,* 4 Cal. App. 219, [88 Pac. 290].) It necessarily must be said that from such a record this court would

not be justified in determining that there had been a miscarriage of justice.

We find nothing in the argument presented upon this appeal which justifies interference with the judgment or order as entered.

The judgment and order appealed from are affirmed.

Conrey, P. J., and Myers, J., *pro tem.*, concurred.