[Sac. No. 78.   Department Two.—December 2, 1896.]

## J. F. EVANS, RESPONDENT, *v.* ROBERT JOHNSTON, ADMINISTRATOR, APPELLANT.

ACTION—PLEA IN ABATEMENT—ANOTHER ACTION PENDING—DISMISSAL—
JUDGMENT NOT ENTERED.—A plea in abatement of a subsequent action,
of a prior action pending between the same parties for the same cause,
must be sustained, where it appears that such prior action was com-
menced, and no judgment of dismissal is shown to have been entered
therein, although a dismissal was in fact ordered by the court, on mo-
tion of the plaintiff, and was entered in the minutes of the court.

ID.—JURISDICTION—EFFECT OF ORDER OF DISMISSAL—JUDGMENT NUNC
PRO TUNC.—The court does not lose jurisdiction of an action, until a
judgment of dismissal is entered, though an order of dismissal cannot
be defeated by the filing of an answer containing a counterclaim before
the actual entry of judgment, and judgment of dismissal may be en-
tered *nunc pro tunc.*

TRIAL—ADMISSION OF EVIDENCE WITHOUT OBJECTION—MOTION TO STRIKE
OUT.—Where evidence is admitted without objection, a motion to strike
it out is properly denied.

ESTATES OF DECEASED PERSONS—PRESENTATION OF CLAIMS—NOTE SECURED
BY MORTGAGE—FINDING AGAINST EVIDENCE.—Where a note secured
by mortgage was presented as a claim against the estate of a deceased
person, but no copy of the mortgage was attached to and presented
with the note, and the mortgage was not described in the claim, nor
reference made therein to the date, volume, or page of its recordation,
a finding in an action to foreclose the mortgage, that it was presented
as a claim against the estate, is not supported by the evidence.

APPEAL from a judgment of the Superior Court of
Lassen County.  W. T. MASTEN, Judge.

The facts are stated in the opinion of the court.

*Spencer & Raker,* and *F. C. Spencer,* for Appellant.

The plea in abatement should have been sustained.
(*Lindsay* v. *Stewart,* 72 Cal. 542.)   An action is not dis-
missed until final judgment is entered in the judgment-
book.  (*Page* v. *Page,* 77 Cal. 84; *Page* v. *Superior Court,*

76 Cal. 373; *Brady* v. *Times-Mirror Co.*, 106 Cal. 56; *Barnes* v. *Barnes*, 95 Cal. 174; *Rochat* v. *Gee*, 91 Cal. 356; *Sivers* v. *Sivers*, 97 Cal. 522.) An order for judgment is not a judgment. (*Macnevin* v. *Macnevin*, 63 Cal. 186; *Mace* v. *O'Reilley*, 70 Cal. 234.) Plaintiff was incompetent to testify as to matters of facts occurring before the death of the deceased, and the motion to strike out such evidence should have been granted, and the objection to the note and mortgage sustained. (Code Civ. Proc., sec. 1880; *Blood* v. *Fairbanks*, 50 Cal. 420; *Chase* v. *Evoy*, 51 Cal. 618; *Fox* v. *Ray*, 89 Cal. 351; 23 Am. St. Rep. 474; *Moore* v. *Schofield*, 96 Cal. 486.) The first finding is not sustained by the evidence, as there is no evidence to show that plaintiff ever presented any claim upon his alleged mortgage, to the administrator. (Code Civ. Proc., sec. 1497; *Bank of Sonoma County* v. *Charles,* 86 Cal. 327.) An appeal taken before the entry, though after rendition of judgment, will be dismissed. (*McLaughlin* v. *Doherty*, 54 Cal. 519; *Onderdonk* v. *San Francisco*, 75 Cal. 534; *Thomas* v. *Anderson,* 55 Cal. 43; *Preston* v. *Hearst*, 54 Cal. 595; *People* v. *Center*, 66 Cal. 551; *Scotland* v. *East Branch etc. Co.*, 56 Cal. 625; *Home for Inebriates* v. *Kaplan*, 84 Cal. 486; Hayne on New Trial and Appeal, sec. 183; *Gray* v. *Palmer*, 28 Cal. 416; *Estate of Cook*, 77 Colo. 220; 11 Am. St. Rep. 267.)

*Goodwin & Goodwin*, for Respondent.

The court properly refused to strike out the testimony of plaintiff, as it was admitted without objection. (*People* v. *Rolfe*, 61 Cal. 542; *People* v. *Nelson*, 85 Cal. 426.)

TEMPLE, J.—This action was brought to foreclose a mortgage of real estate, executed by one Joseph Sivley, in favor of plaintiff, on the twelfth day of June, 1885. Said Sivley died December 10, 1886, and was owner of the real estate at the time of his death. The mortgage was given to secure the payment of a note for four hundred dollars, and interest. It became due June 12, 1886.

The suit was commenced June 23, 1894. Defendant Johnston was appointed administrator of the estate of Joseph Sivley, June 10, 1887, and is still such administrator. July 19, 1887, plaintiff commenced an action in the superior court of Lassen county to foreclose this mortgage, and caused summons to be issued on the same day. Nothing further was done in the case until January 20, 1894, when an order dismissing the case without prejudice to a new action was made by the court and entered in its minutes.

On the twenty-eighth day of July, 1887, and within the time allowed by law for the presentation of claims against the estate, plaintiff presented to the administrator his claim upon the note, duly verified, and the same was then allowed by the administrator. It is found that the mortgage was also presented as a part of the plaintiff's claim, but this finding is challenged as one not supported by the evidence. According to the transcript, a copy of the mortgage was not attached to, and presented with, the claim, nor was it described or reference made to the date, volume, or page of its recordation. The mortgage was, therefore, not presented.

The answer contains denials of the presentation of the claim, and of nearly all the allegations contained in the complaint, and sets up several defenses, to wit: 1. Payment; 2. A former action for same cause; 3. Pending of another action between the same parties on the same cause of action; and 4. Statute of limitations.

The points presented on the appeal arise upon certain specifications of the insufficiency of the evidence to support the findings. The appeal was taken within sixty days after rendition of judgment.

1. In regard to the plea in abatement. It was shown or admitted that the cause of action in the former case was the same as in this, and the parties are also substantially the same. As already stated, that action was dismissed, on motion of the plaintiff, by the court, and an order to that effect duly entered in the minutes of the court. Again, after this action was commenced,

and the plea in abatement had been interposed, the court again, on motion of the plaintiff, ordered the former action dismissed as of January 20, 1894. According to the rule laid down in *Moore* v. *Hopkins*, 83 Cal. 270, 17 Am. St. Rep. 248, a dismissal then was a sufficient answer to the plea in abatement. But, unfortunately, so far as the record shows, on neither occasion was there a judgment of dismissal entered. Counsel for respondent says that a judgment in due form was entered by the clerk. If so, since the finding was challenged as not being sustained in this respect by the evidence, it was the duty of the respondent to see that the bill of exceptions, as settled, contained the evidence showing the fact. As the bill does not contain such evidence, we must presume that there was none.

Several cases are cited, in which this court has held that, until a judgment of dismissal is entered, the action is still pending. (*Brady* v. *Times-Mirror Co.*, 106 Cal. 56; *Page* v. *Page*, 77 Cal. 83; *Page* v. *Superior Court*, 76 Cal. 373; *Barnes* v. *Barnes*, 95 Cal. 173.) It is true that, after an order dismissing the case has been entered in the minutes, a defendant could not then prevent a dismissal by filing an answer containing a counterclaim before the actual entry of judgment. The plaintiff who, in a proper case, has himself ordered it to be dismissed, or has obtained an order of dismissal from the court, cannot thus be defeated. Judgment will be entered *nunc pro tunc*. (*Kaufman* v. *Superior Court, ante*, p. 152.) But, until judgment, the court has not lost jurisdiction; nor could the defendant appeal from the judgment of dismissal; and if, notwithstanding the order of dismissal, an answer is filed, and the court proceeds with the trial, and judgment is entered, such judgment cannot be attacked even in a direct proceeding. (*Barnes* v. *Barnes, supra*.) It follows that the plea in abatement should be sustained.

2. The motion to strike out the evidence given by the plaintiff in regard to matters which occurred before the

death of Sivley was properly denied. The evidence was admitted without objection.

3. The objection to the finding that the plaintiff presented for allowance his said mortgage, or a claim secured thereby, that the same is not supported by the evidence, must be sustained. This has already been sufficiently discussed.

No question is made on this appeal in regard to the statute of limitations.

Several other points are made, but they are all such as may not arise upon another trial, or will be differently presented.

Judgment reversed.

McFarland, J., and Henshaw, J., concurred.