[Civ. No. 228.   Second Appellate District.—August 14, 1906.]

# FRANK CHURCHILL, Respondent, v. JOHN F. MORE, Appellant.

OIL LEASE—FAILURE IN DEVELOPMENT—RIGHT TO REMOVE FIXTURES AT ANY TIME.—An oil lease providing for a well, and that if oil cannot be found, the lessee "shall have the right to remove all machinery and fixtures placed on the premises at any time," is intended to give, and does give, the right of removal to the lessee of the property and casing placed thereon, though not exercised during the life of the lease.

ID.—CONSTRUCTION OF CONTRACT IN FAVOR OF LESSEE.—If any ambiguity in the contract were conceded, its construction, under section 1069 of the Civil Code, should be in favor of the lessee.

ID.—RULES OF LAW AS TO FIXTURES—OBLIGATION OF CONTRACT—NOTICE TO VENDEE.—The rule that chattels attached to the freehold by the owner and contributing to its value and enjoyment pass by grant applies between vendor and vendee, in the absence of a contract to the contrary, but has long ago been modified as between landlord and tenant, and was never a proper rule as to any class, when its enforcement would be to impair the obligation of a contract as to the right of removal. The contract giving the right of removal to the lessee will bind a vendee who took with notice of the right of the plaintiff to remove fixtures as a successor in interest of the right of the lessee.

ID.—CONTRACT WITH ASSIGNEE TO SINK WELL AND PULL CASING—CONTINUANCE BY SUBSEQUENT POSSESSOR—SALE UNDER EXECUTION—PROOF OF OWNERSHIP.—Where a contractor was employed by a corporation, assignee of the lease, to sink a well and pull all casing furnished, if the well was abandoned, and the contract was continued by a subsequent corporation in possession of the leasehold, until the well was finally abandoned, and the contractor, to whom a large debt was due, obtained judgment against the latter corporation, and sold the whole casing under execution against it, which was purchased by plaintiff, *held*, that the whole casing passed as personal property to plaintiff, though no formal assignment of the lease is shown to the latter corporation, its possession of the leasehold and of the whole casing, long before the suspension of work, and at the date of the levy of execution, being *prima facie* proof of its ownership of the casing.

ID.—EVIDENCE—LEASE AND ASSIGNMENT—EXECUTION AND CERTIFICATE
OF SALE.—The lease and its assignment, and also the execution
and certificate of sale to the plaintiff, were competent as tending
to show that the casing was agreed to be and remain personal prop-
erty with right of removal, and as evidence in support of the issue
of ownership and right of possession.

ID.—DEMAND BEFORE SUIT—CONDUCT OF DEFENDANT.—Though there
was some evidence to show that demand was made upon defendant
as vendee for possession of the casing before suit for its possession
or the value thereof; yet evidence of the conduct of the defendant
in refusing to allow possession thereof to be taken obviates the
necessity of the formal demand.

ID.—EVIDENCE OF SUCCESSION OF CORPORATIONS—IDENTITY.—Where the
defendant's grantor testified without objection that she knew, in
a general way, that the first corporation assignee of the lease was
absorbed and merged into the other, though she did not know
when, there was no error in refusing to strike it out. The question
of identity of the corporations was not immaterial as affecting
ownership of the property, and the evidence cannot be disregarded,
where there is nothing in the record to justify the statement that her
knowledge was hearsay only.

ID.—OBJECTION TO SINGLE INSTRUCTION—ABSENCE FROM RECORD OF
OTHER INSTRUCTIONS—PRESUMPTION.—Where instructions were
given and refused which do not appear in the record, it will be
assumed that a single instruction objected to, taken with those given
and refused, properly presented the law of the case to the jury.

APPEAL from a judgment of the Superior Court of
Santa Barbara County, and from an order denying a new
trial. J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

William G. Griffith, for Appellant.

The time for the removal of fixtures is fixed by statute in
this state. (Crim. Code, sec. 1019; *Whipley* v. *Deney,* 8 Cal.
3639.) The testimony shows that the well is valuable for
water and the removal of the casing would destroy the well.
There is no evidence of ownership of the casing or right of
possession in the plaintiff. The lease was forfeited, and the
owner can avail himself of it. (*Davis* v. *Moss,* 38 Pa. St.
346.) The court erred in giving the twelfth instruction.
(*Caldwell* v. *Center,* 30 Cal. 539, 89 Am. Dec. 131.)

Richards & Carrier, for Respondent.

The right of removal by the lessee or its assignee is determined by the terms of the lease. (*Garlland* v. *Hickman,* 56 W. Va. 75, 49 S. E. 14; *Broadus* v. *Smith,* 121 Ala. 335, 77 Am. St. Rep. 61, 26 South. 34; *Dame* v. *Dame,* 38 N. H. 429, 75 Am. Dec. 195; *Fratt* v. *Whittier,* 58 Cal. 132, 133, 41 Am. Rep. 251; *Tyson* v. *Post,* 108 N. Y. 217, 221, 15 N. E. 316; *Tifft* v. *Horton,* 53 N. Y. 377, 13 Am. Rep. 537; *Hirshberger* v. *Johnson,* 37 Or. 109, 60 Pac. 838; *Hill* v. *Denslo,* 53 Pa. St. 271, 91 Am. Dec. 209.) The assignee of a lease takes title to fixtures. (*M. E. Church* v. *Seitz,* 74 Cal. 287, 15 Pac. 839; *McNally* v. *Connolly,* 70 Cal. 3, 11 Pac. 320.) Possession of leased premises is presumably under the lease, and an assignment within the statute of frauds will be assumed. (*Williams* v. *Woodward,* 2 Wend. 487; *Acker* v. *Witherell,* 4 Hill, 112; *Bedford* v. *Terhune,* 30 N. Y. 453, 86 Am. Dec. 394; *Frank* v. *New York etc. R. R. Co.,* 122 N. Y. 197, 219, 25 N. E. 332; *Weide* v. *St. Paul Boom Co.,* 92 Minn. 76, 99 N. W. 421.) Possession is *prima facie* evidence of title to personal property. (*Goodwin* v. *Garr,* 8 Cal. 615.) Defendant having asserted ownership, a final demand need not be proved. (*Latta* v. *Tutton,* 122 Cal. 283, 68 Am. St. Rep. 30, 54 Pac. 844.) The instructions objected to is not erroneous *per se;* and one instruction cannot be considered erroneous in the absence of all others. (*Harris* v. *Barnhart,* 97 Cal. 548, 32 Pac. 589.)

ALLEN, J.—Appeal by defendant from a judgment for plaintiff and an order denying a new trial in an action of replevin.

The record discloses that one Mrs. Rowe, in March, 1901, then the owner of certain real estate, executed thereon what is popularly known as an oil lease to one Ayers, who assigned the same to a corporation known as the Mescalitan Island Oil and Development Company. This lease provided, among other things: "The party of the second part shall have . . . the right to remove all machinery and fixtures placed on the premises by him at any time." Further: "That if oil or other metals or minerals are not found in paying quantities within one year . . . this lease shall be-

come void." Further: "That the parties of the first part shall maintain the party of the second part or his assigns in the full and free possession of said premises during the life and term of this lease." Further: "That a cessation of work for more than sixty days consecutively shall invalidate this lease, unless by written consent of the parties of the first part." Acting under this lease, the corporation before mentioned entered into a contract with J. W. Churchill, the father of plaintiff, to bore an oil well on said leased premises, it being stipulated that the corporation should furnish all casing, and if the well was abandoned, Churchill should pull the same, or as much as could be taken from the well with reasonable effort. Churchill proceeded to bore a well to a depth of thirteen hundred and sixty feet, using therein four strings of casing of various diameters, furnished by the corporation, until the well had attained a depth of about nine hundred feet, when another corporation, designated as the Seaboard Consolidated Oil Company, entered into possession of the leasehold and continued sinking the well to an additional depth of four hundred feet, furnishing casing therefor—Churchill during all of this time performing the work of sinking the well. About February, 1902, this last-named corporation abandoned the well, and there remained unpaid to Churchill on account of his work thereon $1,118.75, who brought his action against the Seaboard company and obtained a judgment therefor. An execution was issued out of such judgment and the casing which is the subject of the controversy in this action was sold in October, 1902, to the plaintiff and a sheriff's certificate duly issued. Afterward, in September, 1903, Mrs. Rowe caused to be recorded a notice that she elected under said lease to terminate the same, and in October, following, conveyed the premises to defendant, More. After More acquired the real property plaintiff undertook the removal of certain personal property thereon, at which time More said: "I will not allow you nor even the President of the United States to take anything away from that well without my permission." Subsequently, however, he said to his foreman: "You can let him have those two large bitts; they are too large to use in the well; we will not need them." There is evidence in the record to the effect that it was practicable to remove this casing from the well; and further, that Churchill made preparation to re-

move the casing and was notified by Mr. More's man that he would not allow him to go on the premises. There is no evidence of Mr. More having any other man in his employ other than a certain foreman, to whom Mr. More gave instructions as to what property on the leasehold Churchill should be permitted to take. Without further demand, plaintiff instituted this action, and judgment was rendered for the return of the casing or the value thereof.

Upon the trial, there was evidence tending to show that More, before he purchased the premises, knew of the execution sale and of the plaintiff's claim to the property; and at one time the proposition for More to purchase the casing from plaintiff was under consideration. There is no evidence in the record tending to show an assignment of the leasehold to the Seaboard company, nor of its ownership, other than the presumption to be drawn from the possession of the leased property by such corporation, and the circumstances attending the operation of the work.

The chief contention of the appellant is that the casing in controversy is shown to have been so affixed to the soil that by the conveyance to More the same passed to him by the deed under the recognized rule that chattels attached to the freehold by the owner and contributing to its value and enjoyment pass by the grant. This rule, however, is that applying between vendor and vendee in the absence of a contract to the contrary. But it has long ago been modified as applying to the rights of landlord and tenant (*Fratt* v. *Whittier*, 58 Cal. 139, [41 Am. Rep. 251]), and was never a proper rule between any class when its enforcement would be to impair the obligation of a contract with reference to the right of removal. In the case under consideration, were ambiguity in the contract conceded, its construction should be in favor of the lessee. (Civ. Code, sec. 1069.) But, we think, giving effect to the words "at any time" as employed in the lease, they were intended to and did give the right of removal to the lessee of the property placed thereon, even were such right not exercised during the life of the lease. More is shown to have accepted the conveyance with notice of the plaintiff's claim, and in fact is shown to have recognized the same at one time after acquiring title to the land.

Appellant contends further that, there being no proof of an assignment of the lease to the Seaboard company, no owner-

ship in the casing is shown in said company; hence no title thereto passed to plaintiff by the sheriff's sale on execution. There is evidence, however, that the possession of all this casing was in the Seaboard company long before the suspension of work and at the date of the levy of the execution. This is *prima facie* proof of ownership. (*Goodwin* v. *Garr*, 8 Cal. 616; *Kelly* v. *Mack*, 49 Cal. 524; *Hewitt* v. *San Jacinto etc. Irr. Dist.*, 124 Cal. 191, [56 Pac. 893].)

We find no error in the admission in evidence of the lease to Ayers and its assignments, nor the admission of the execution and certificate of sheriff's sale. These instruments were competent as tending to show that the casing was agreed to be and remain personal property with right of removal, and as evidence in support of the issue of ownership and right of possession. There was some evidence which supports the verdict of the jury in finding in favor of the plaintiff upon the issue of demand before suit; yet even in the absence of such testimony, it is clear that More personally, and through his agent, notified Churchill that none of the property could be removed without More's express consent; and the agent of More notified him that he would not be allowed "to go on there," evidently referring to the leasehold. This conduct on the part of More obviated the necessity of formal demand. Mrs. Rowe, without objection, testified: "I know in a general way, but I don't know when the Mescalitan company was absorbed or merged into the other." There was no error in refusing to strike out this evidence, received without objection. (*Evans* v. *Johnston*, 115 Cal. 183, [46 Pac. 906].) The question of identity of the corporations was not immaterial as affecting ownership of the property, and nothing appears in the record justifying the statement that her knowledge was hearsay only.

Instructions were given and refused not appearing in the record. It will be assumed that the single instruction objected to, taken with those given and refused, properly presented the law of the case to the jury. (*Harris* v. *Barnhart*, 97 Cal. 548, [32 Pac. 589].)

We have examined the other points raised by appellant and perceive no prejudicial error therein; and the judgment and order are affirmed.

Smith, J., and Gray, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 11, 1906.