[Civ. No. 5615. First Appellate District, Division One. — September 20, 1926.]

## HEIM GOLDMAN et al., Respondents, *v.* ANDREW DAHLBERG, Appellant.

[1] APPEAL—JUDGMENT FOR LEGAL SERVICES—ALLEGED INSUFFICIENCY OF EVIDENCE—SPECIFICATIONS.—On an appeal from a judgment in favor of plaintiffs for legal services, specifications wherein the evidence is insufficient to support or justify the verdict are necessary in order to authorize the court to review the evidence and consider its sufficiency.

[2] ID.—INSTRUCTIONS—RECORD—PRESUMPTIONS.—On such an appeal, where the bill of exceptions does not contain all of the instructions given (but only those the giving of which and the refusal to give which are made the subject of the claim of error), it must be assumed that were the whole charge to the jury before the appellate court it would not show error, and that any imperfections of instructions as are exhibited are harmonized, and a correct statement of the law was made.

1. See 2 **Cal.** Jur. 708.
2. See 2 **Cal.** Jur. 699; 2 **R. C. L.** 137.

[3] ID. — ASSIGNMENT OF ERROR AS TO INSTRUCTIONS — INCLUSION OF ALL GIVEN INSTRUCTIONS IN RECORD—NECESSITY FOR.—It is essential to an assignment of error based upon the giving or refusal of an instruction that all instructions given be included in the record.

---

(1) 3 C. J., p. 1373, n. 42, 43.   (2) 4 C. J., p. 768, n. 30, p. 769, n. 32, 34, 38.   (3) 4 C. J., p. 546, n. 75.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

Herbert Chamberlain for Appellant.

Goldman, Nye & Surr for Respondents.

CAMPBELL, J., *pro tem.*—This is an appeal from a judgment in favor of respondents in the sum of $400 for legal services. The case was tried by a jury, which returned a verdict for $750, which amount was subsequently reduced with the consent of respondents as a condition to the denial of appellant's motion for a new trial.

Appellant urges three grounds upon which the judgment should be reversed: First, under the facts plaintiffs are not entitled to any recovery; second, the court erred in refusing to give certain instructions requested by defendant, and, third, the court erred in giving certain instructions requested by plaintiffs.

[1] Appellant's first ground of objection, "that under the facts plaintiffs are not entitled to any recovery," is not available to him. He chose to appeal by a bill of exceptions. The bill of exceptions contains no specifications of particulars wherein the facts do not entitle respondents to a recovery—wherein the evidence is insufficient to support or justify the verdict. Such specifications are necessary in order to authorize the court to review the evidence and consider its sufficiency. (Code Civ. Proc., sec. 648; *Winterburn* v. *Chambers,* 91 Cal. 185 [27 Pac. 658]; *Meades* v. *Lazar,* 92 Cal. 227 [28 Pac. 935]; *Estate of Depeaux,* 118 Cal. 290 [50 Pac. 387]; *Estate of Behrens,*

130 Cal. 418 [62 Pac. 603]; *Moore* v. *Franklin,* 49 Cal. App. 108 [192 Pac. 1047].)

[2] In support of the second and third grounds upon which the judgment is assailed appellant refers to five instructions as having been given or refused, for which error is claimed. The bill of exceptions does not contain all of the instructions given (but only those the giving of which and the refusal to give which are made the subject of the claim of error). In such a state of the record we must assume that were the whole charge of the court before us it would not show error, but that any imperfections of instructions as are exhibited here are harmonized, and a correct statement of the law was made. [3] It is essential to an assignment of error based upon the giving or refusal of an instruction that all instructions given be included in the record. (*Harris* v. *Barnhart,* 97 Cal. 546 [32 Pac. 589]; *Churchill* v. *Moore,* 4 Cal. App. 219 [88 Pac. 290]; *O'Brien* v. *New Method Co-operative Laundry Co.,* 38 Cal. App. 531 [176 Pac. 879].) "It necessarily must be said that from such a record this court would not be justified in determining that there had been a miscarriage of justice." (*O'Brien* v. *New Method Co-operative Laundry Co., supra.*)

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 15, 1926.