[Civ. No. 5198. First Appellate District, Division One.—May 13, 1927.]

P. R. BARRINGTON, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

[1] APPEAL—INSTRUCTIONS—RECORD.—Alleged error predicated upon giving or refusing to give to the jury certain isolated instructions cannot be reviewed on appeal where the instructions given are not incorporated in the record.

[2] NEGLIGENCE — COLLISION BETWEEN AUTOMOBILE AND INTERURBAN CAR—REPORT OF MOTORMAN—PRODUCTION OF—EVIDENCE.—In an action against a railway company and a motorman of an interurban car of said company for personal injuries suffered by plaintiff in a collision between an automobile driven by plaintiff and an interurban car, the trial court did not err in not requiring the motorman, when on the witness-stand, to produce his written report of the accident made at the time to the company, where the report was not in his possession or under his control, and the defendant did not offer the report in evidence, and no claim was made by plaintiff as to what the report contained or that it conflicted with the testimony given by the motorman or any other witness, and no affirmative and substantial showing was made that the report contained evidence material to the cause of action.

[3] ID.—PRODUCTION OF BOOKS OR PAPERS — EVIDENCE — SHOWING REQUIRED.—A court has no power to order the production of books

----

1. See 2 Cal. Jur. 699; 2 R. C. L. 137.

3. Power to compel production of books and documents, note, 41 Am. St. Rep. 388. See, also, 10 Cal. Jur. 881; 10 R. C. L. 1091, 1092.

or papers by one party to be used as evidence for the other party without an affirmative and substantial showing, by affidavit or otherwise, that they contain evidence material to the cause of action or defense of the party requiring them.

[4] ID. — INTERURBAN CAR — SECTION 367c, PENAL CODE, INAPPLICABLE.—The interurban car of the railway company is not such a vehicle as comes within the mandate of section 367c of the Penal Code requiring the driver or person having or assuming authority over such driver of an automobile, motorcycle, or other motor vehicle, or other vehicle, to give to the occupants of the vehicle or person struck the names of the passengers not exceeding five in such automobile, motorcycle, or other motor vehicle, or other vehicle at the time of such striking or collision.

[5] ID.—SECTION 367c, PENAL CODE—CONSTRUCTION OF.—Section 367c of the Penal Code is penal, and even if applicable to electric trains only makes the motorman or person having authority over him liable to prosecution for failure to comply with its provisions, and it nowhere authorizes the court to require a party to furnish the names mentioned therein.

---

(1) 4 C. J., p. 542, n. 40, p. 543, n. 44.   (2) 22 C. J., p. 962, n. 99. (4) 36 Cyc., p. 1447, n. 36.

APPEAL from an order of the Superior Court of Los Angeles County.  Carlos S. Hardy, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Bertrand J. Wellman and John C. Miles for Appellant.

Frank Karr and E. E. Morris for Respondents.

CAMPBELL, J., *pro tem.*—This appeal is from a judgment on the verdict of the jury in favor of respondents in an action for personal injuries suffered by appellant in a collision between an automobile driven by appellant and an interurban car of respondent corporation.

Appellant specifies six assignments of error which he urges as grounds for a reversal of the judgment.  The first four have to do with the giving and refusing of certain instructions.  The fifth assignment of error is that the court erred in not requiring the defendant Sharpe, when upon the witness-stand, to produce his written report of the accident

---

made at the time to the Railway Company, and the sixth assignment of error is that the court erred in not requiring the defendant Sharpe to answer the question whether all of the persons whose names he took at the time were subpoenaed and did appear. as witnesses at the trial.

The accident occurred in the city of Los Angeles at the point where Manchester Avenue crosses the tracks of the respondent's railway line running between Los Angeles and Long Beach, the west track being used for local cars between Los Angeles and Watts going southerly, and the east track for such cars going northerly. The two tracks between the east and west tracks are used by the company's fast interurban cars between Los Angeles and Long Beach. The accident happened on the south-bound interurban track at about 10:40 o'clock on the morning of February 28, 1922. The appellant was going east at the time and the interurban car was going south. There is an automatic flagman or wigwag at the southwest corner of Manchester Avenue and the right of way of respondent Railway Company. Appellant could not get a view of the track from the direction the interurban car approached until he was within a few feet of the west track on account of the building located on the northwest corner of the intersection. The automatic flagman or wigwag was working and giving warning of the car's approach before and at the time appellant attempted to cross. At the time of the collision the interurban car was traveling eighteen to twenty miles an hour. Appellant drove his automobile upon the car tracks, and when on the track of the interurban his motor stopped and his automobile was stalled on the car track. Up to this point there is no dispute as to the facts.

Respondent F. R. Sharpe, the motorman on the interurban, testified that he first saw the automobile driven by appellant when his car was about 150 or 175 feet from the crossing; that the automobile was approaching the crossing; that appellant drove his automobile slowly—three or four miles an hour; that he was rolling very slowly; that he sounded his crossing signal—two long and two short blasts of the whistle; that as the car approached the crossing appellant started his automobile forward again at a fairly good clip, and when the car was abount thirty or forty feet from the crossing appellant stopped his automobile right in front of the car; that he applied his emergency brakes and re-

versed his motors, which was all he could do; that after the collision he stopped his car and when at a standstill the rear end was on the property line on the edge of the crossing.   According to the testimony of Sharpe the collision was unavoidable.   There is a conflict in the evidence as to how far the car was from the crossing when appellant's automobile stalled on the car track, appellant testifying that he could not see the interurban car when he drove upon the tracks and the witness, Mrs. Mattice, stating that when appellant's automobile stalled the electric car was up at the next station away north, the other witnesses varying in their estimate of the distance the interurban car was away when appellant's automobile stopped on the track, placing it all the way from 40 to 135 feet.

Appellant does not raise the point that the evidence is not sufficient to support the verdict, but claims that the question of contributory negligence should not have been submitted to the jury and that the court erred in not giving the instruction on this question proposed by him, as well as the giving and refusing of other instructions.   In discussing the giving and the refusing of the instructions complained of it is sufficient to say that the instructions of the court are not included in the transcript; neither are the instructions requested and refused.   The only instructions called to the attention of the court are those the giving of which and the refusal to give are made the subject of the claim of error and set forth in appellant's brief.   [1] Alleged error predicated upon giving or refusing to give to the jury certain isolated instructions cannot be reviewed on appeal where the instructions given are not incorporated in the record (*Foster* v. *Young,* 172 Cal. 317 [156 Pac. 476]; *Goldman et al.* v. *Dahlberg,* 79 Cal. App. 380 [249 Pac. 536]; *Harris* v. *Barnhart,* 97 Cal. 546 [32 Pac. 589]; *Churchill* v. *Moore,* 4 Cal. App. 219 [88 Pac. 290]; *O'Brien* v. *New Method Co-operative Laundry Co.,* 38 Cal. App. 532 [176 Pac. 879]).

[2]   There is no merit in the contention that the court erred in not requiring defendant Sharpe, when on the witness-stand, to produce his written report of the accident made at the time to the company.   Appellant bases his right to have the report produced on section 1000 of the Code of Civil Procedure and authorities which hold that an injured

plaintiff who has brought a suit for damages for his injuries is required to submit himself to a physical examination, and that the court may order a defendant to allow plaintiff's expert to examine machinery alleged to have caused damage. We cannot see any similarity or analogy between requiring an injured plaintiff who has brought a suit for compensation for his injury to submit himself to an examination or ordering a defendant to allow an inspection of machinery and requiring a defendant to produce private papers relating to an accident. Appellant fails to show by the record that he brought himself within the provision of the section cited, but if he has, the penalty for failure to produce such instrument is provided in the section. The penalty is that the court may exclude the paper from being given in evidence by the defendant, or, if wanted as evidence by the plaintiff, may direct the jury to presume it to be such as he alleges it to be. While the section referred to is not to be construed to prevent a party from compelling another to produce books, papers, or documents when he is examined as a witness, the evidence here is that the witness had turned the report over to the company and it was not in his possession or under his control. Defendant did not offer the report in evidence, nor so far as the record discloses ask the court to instruct the jury to be as he alleged—in fact, plaintiff did not make any claim as to what the report contained. It is not claimed that it conflicted with the testimony given by Sharpe or any other witness. **[3]** The court has no power to order the production of books or papers by one party to be used as evidence for the other party without an affirmative and substantial showing, by affidavit, or otherwise, that they contain evidence material to the cause of action or defense of the party requiring them (*Ex parte Clark,* 126 Cal. 235 [77 Am. St. Rep. 176, 46 L. R. A. 835, 58 Pac. 546]). There was no such showing made here.

**[4]** In support of appellant's sixth assignment, that the court erred in not requiring defendant Sharpe to answer whether all of the persons whose names he took at the time were subpoenaed and did appear as witnesses at the trial, he cites us to section 367c of the Penal Code as authority in support of his contention. We are not in accord with the construction placed upon the section by appellant, that

the interurban car of respondent company is such a vehicle as comes within the mandate of the section requiring the driver or person having or assuming authority over such driver of an automobile, motorcycle, or other motor vehicle, or other vehicle, to give to the occupants of the vehicle or person struck the names of the passengers not exceeding five in such automobile, motorcycle, or other motor vehicle, or other vehicle at the time of such striking or collision. [5] This section is penal and even if applicable to electric trains only makes the motorman or person having authority over him liable to prosecution for failure to comply with its provisions. It nowhere authorizes the court to require a party to furnish these names.

This disposes of the points urged by appellant, and from what has been said it follows that there is no merit in the appeal.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.