[Civ. No. 6819. First Appellate District, Division Two.—August 5, 1929.]

ANTHONY PODESTA et al., Appellants, v. EUGENE DELUCCHI et al., Respondents.

A. D. Schaffer and Anthony Podesta for Appellants.

Sullivan & Sullivan, Gumpert & Mazzera and Frederick M. Shipper for Respondents. .

NOURSE, J.—Plaintiffs sued in two causes of action charging conspiracy and fraud in the sale and exchange of real property. The action was tried before a jury and resulted in a verdict for defendants. Plaintiffs have appealed on a bill of exceptions.

The theory of the complaint is that the plaintiffs employed the three first-named defendants, doing business under the name of Stockton City Realty Company, to effect the exchange of plaintiffs' ranch property situated near the city of Stockton for hotel property situated in the city and county of San Francisco; that their agents, in turn, employed the firm of Wolf & Nelson as their agents to carry on the negotiations with the owner of the hotel property; and that Wolf & Nelson secretly connived to defraud plaintiffs by purchasing the hotel property themselves for $64,000 and turning it over to plaintiffs in exchange for the ranch property at a valuation of $85,000. The prayer of the complaint was for $21,000, which was alleged to be the secret profits thus obtained, and for general relief. Evidence was offered supporting the allegations of the complaint concerning the activities of Wolf & Nelson, and on their behalf it was shown that the value of the ranch land was far less than they had assumed it to be and that they had profited but $274 out of the entire transaction. On the motion for new trial and on this appeal the plaintiffs have waived the claim that the evidence is insufficient to support the verdict, and have failed to incorporate in the bill of exceptions any assignment of. insufficiency. This question is, therefore, not open to discussion on this appeal. (*Schultz* v. *City of Venice,* 200 Cal. 50, 54 [251 Pac. 913].)

This leaves nothing but the various attacks upon certain instructions given by the trial judge. Here, too, the record is not in a condition for an examination of the points raised. The appellants have included in the bill of exceptions certain instructions which they claim to be error, but the parties have stipulated that in addition to the instructions incorporated in the bill "many other instructions were offered on behalf

of the plaintiffs in said action, a portion of which were given by the court and a portion of which were refused by the court.''

■ Appellants complain simply of the giving of these listed instructions, but it is apparent that we cannot determine whether the claimed error was prejudicial without having before us the other instructions which have been omitted from the record. If we could ascertain by an examination of the record or through stipulation of counsel that the included instructions were all that were given in respect to the propositions covered by the instructions complained of we might consider the propositions of law involved in these instructions, but we are unable to do this.

With this state of the record we must presume that if error arose it was cured by other instructions or at least that the claimed error was not prejudicial. (*Goldman* v. *Dahlberg*, 79 Cal. App. 380 [249 Pac. 536], where cases are cited; *Barrington* v. *Pacific Elec. Ry. Co.*, 83 Cal. App. 100, 103 [256 Pac. 567].)

For these reasons the judgment is affirmed.

Sturtevant, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 4, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 3, 1929.

All the Justices present concurred.