[Civ. No. 18286. Second Dist., Div. Three. Sept. 19, 1951.]

EUGENE L. GRISWOLD, Appellant, v. HOLLYWOOD TURF CLUB, etc., et al., Respondents.

580

William H. Haupt and George W. Lawrence for Appellant.

Freston & Files, Ralph E. Lewis and Gordon L. Files for Respondents.

SHINN, P. J.—Plaintiff was forcibly evicted from the race course of Hollywood Turf Club, arrested, charged with breach of the peace, tried and acquitted. .He sued the turf club and certain others for malicious prosecution, false imprisonment, and assault and battery. Plaintiff is a plastering contractor. On a summer afternoon in 1947 he was admitted to the track as a paying customer. He entered the exclusive clubhouse premises with friends who, he testified, had bought a clubhouse ticket for him. He did his betting unmolested until shortly after the seventh race. He had not dressed up for the occasion; he had on the clothes of a workingman and his appearance excited the suspicion of a member of the track's Security Police, one Stern. This guard asked him to show a clubhouse ticket stub which he did not have. (These are usually thrown away by persons entering the clubhouse gate.) Plaintiff endeavored to persuade the guard that he had entered on a ticket, but did not succeed. The guard grabbed him and attempted to forcibly eject him from the clubhouse premises. They went through the gate and a scuffle occurred, either after plaintiff had reentered or was attempting to reenter the clubhouse premises. Inside the gate Stern attempted to force plaintiff to the outside and plaintiff resisted. Other guards came, held him, tripped him to the ground, tore his clothes, broke his glasses, handcuffed him and placed him under arrest. There was no conflict in the evidence as to the treatment of plaintiff thus described. He was taken to a police substation on the turf club premises, later to the

Inglewood police station, released on bail, charged with breach of the peace, tried and acquitted.

The alleged offense for which plaintiff was placed under arrest consisted of fighting and offering to fight, and using bad language. The private officers involved testified that while plaintiff was being handcuffed he said: "You bastards are all alike," and used other expressions of a similar nature, which might be expected of an uninhibited and articulate citizen under the circumstances. As plaintiff was taken to the police substation, curious bystanders followed. Two strange women appeared in an outer room of the station, and other persons, including women, sensing excitement, were peeking through the station door to see and hear what went on. It was claimed that plaintiff, at the station, offered to whip any of the officers if the handcuffs were removed, and used language similar to that previously mentioned, which presumably shocked the sensibilities of the curious onlookers. All of this was charged to be a violation of section 415 of the Penal Code (enacted in 1872, amended 1877-8, p. 117).

Plaintiff sued the turf club, defendants Long, an Inglewood police officer, Jones, a Hawthorne police officer (who was on vacation and working for the turf club), Security Service Agency, Williams, a proprietor of the agency, Patton, Arrojo and Stern, guards furnished by the agency to the turf club. He charged them all with liability under each of the three counts of the complaint. Arrojo and Stern were not served and the action was dismissed as to them on plaintiff's motion and a nonsuit was granted as to defendant Patton, and as to Long on the assault and battery charge. The case was tried to a jury. One form of verdict furnished the jury was in favor of plaintiff on the malicious prosecution charge and against the turf club, Security Service Agency, Williams, Jones and Long; another was in favor of plaintiff and against each of the same defendants on the false imprisonment count, and a third was in favor of plaintiff on the assault and battery count against the defendants other than defendant Long. Each of the forms contained the following: "(Draw a line through the name of any defendant not to be included in this verdict.)" In each verdict lines were drawn through the names Security Service Agency, Raymond H. Williams and Robert E. Jones. The verdict for malicious prosecution was against the turf club and Long for $1,995 damages and no punitive damages; the verdict for false imprisonment was against the turf club and Long for "nil" damages and "nil"

punitive damages; the verdict for assault and battery was against the turf club alone for "nil" damages and $7,500 punitive damages. The court refused to accept the verdicts, and after instructions and deliberation the jury changed the malicious prosecution verdict to $1,895 damages and "nil" punitive damages, and changed the assault and battery verdict to $100 damages and $7,500 punitive damages. No change was made as to the defendants whose names had been crossed out. Judgment was entered in favor of plaintiff in accordance with the verdicts but not in favor of any of the defendants whose names had been deleted from the forms of verdict. The turf club and Long, considering themselves aggrieved, made a motion for a new trial. The Security Agency, Williams and Jones made a motion to amend the judgment so that it would run in their favor. Plaintiff made several motions. First he moved for a new trial as to all defendants appearing in the action on the false imprisonment count, the assault and battery count and the malicious prosecution count; then he moved to vacate a portion of the judgment and for a mistrial as to Security Service Agency, Williams and Jones, on the false imprisonment count, and a mistrial as to the turf club for the reason that the jury had not found the extent of the damage suffered by reason of the false imprisonment. He also moved to restore Arrojo and Stern as defendants.

The court granted the motion of the turf club and Long for a new trial, specifying insufficiency of the evidence, with the proviso that if plaintiff would accept a reduction of the exemplary damages from $7,500 to $500 the motion would be denied. Plaintiff refused to accept the reduction. The court amended the judgment by an order reciting that the failure to enter judgment in favor of Security Service Agency, Jones and Williams, was a clerical error. Plaintiff's motions were denied. Plaintiff appeals from the judgment, and from all orders made, whether appealable or nonappealable.

First, with respect to the amendment of the judgment: The only reasonable interpretation of the verdicts is that they were intended by the jury to be in favor of Security Service Agency, Williams and Jones, as to all causes of action. Their names were crossed out in accordance with instructions contained in the verdict. According to the verdicts the judgment should have been in their favor. The error was found to be a clerical one and the judgment was properly corrected.

The order granting a new trial to the turf club and Long may not be disturbed. So far as the exemplary dam-

ages are concerned there was no evidence of authorization of the acts constituting assault and battery or knowledge and ratification by the officers of the corporation of any conduct of the individuals who engaged in the acts of violence. (*McInerney* v. *United Railroads*, 50 Cal.App. 538, 547 [195 P. 958]; *Alterauge* v. *Los Angeles Turf Club*, 97 Cal.App.2d 735 [218 P.2d 802].) ■ An alternative ground would be that the verdict for exemplary damages was deemed to be excessive, in which case it would have been the duty of the court to reduce the amount, as was done, or to grant a new trial outright as to the turf club and Long. (*Koyer* v. *McComber*, 12 Cal.2d 175 [82 P.2d 941]; *Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357 [170 P.2d 465]; *Williams* v. *Field Transportation Co.*, 28 Cal.2d 696 [171 P.2d 722].) Another sufficient reason is that the evidence would have justified a verdict for these defendants on the malicious prosecution count. As to the false imprisonment count the judgment went against plaintiff and he sought a new trial of that issue.

■ It was not error to deny plaintiff's motion for a new trial as to Security Service Agency, Williams and Jones, on the malicous prosecution and false imprisonment counts. There was evidence sufficient to support the verdict for the three defendants upon these charges. The court no doubt believed the verdict to be in accord with the preponderance of the evidence. Therefore, the denial of plaintiff's motion with respect to these defendants on the malicious prosecution and false imprisonment counts is conclusive upon appeal insofar as the evidence is concerned.

■ It appears to be the contention of plaintiff that his motion for a new trial as to the three last mentioned defendants on the malicious prosecution and false imprisonment charges should have been granted on the ground of error in giving and refusing instructions. Most of the questions discussed were rendered moot by the granting of a new trial as to the Turf Club and Long. Appellant has not furnished us with all the instructions that were given and we are therefore not in a position to determine whether the instructions as a whole support the claims of prejudicial error. (*Foster* v. *Young*, 172 Cal. 317, 321 [156 P. 476]; *Podesta* v. *Delucchi*, 100 Cal.App. 249 [279 P. 1061].) Plaintiff has not shown any reason for disturbance of the order denying his motion for a new trial as to the three last named defendants on the malicious prosecution and false imprisonment charges.

■ However, we are of the opinion that error was committed in denying plaintiff's motion for a new trial as to Security Service Agency and Williams upon the charge of assault and battery. The guard, Stern, and another guard, Arrojo, were employees of Security, engaged in the performance of their duties. Whether they were also employees of the turf club is not presently material. These two guards admittedly attempted to forcibly eject plaintiff from the clubhouse premises. The evidence as to the manner in which this was attempted was in conflict only as to immaterial details. The guards had a single purpose. Plaintiff was strictly on the defensive, albeit with a vigor that was giving the guards "a bad time." Surely a plasterer has as good a right as a gambler to attend the races without molestation. (See *Orloff v. Los Angeles Turf Club, Inc.*, 36 Cal.2d 734 [227 P.2d 449].) Griswold did not start the trouble; he only wanted to be let alone. The guards offered no plausible excuse for their efforts to eject him. He had been conducting himself properly. If it be granted, as Stern testified, that plaintiff was in need of a shave and was bareheaded, and that his trousers were soiled (they were the working clothes of a plasterer), no reason existed for throwing him off the clubhouse premises. There was no conflict in the evidence upon these essentials of the assault and battery committed in a violent and aggravated manner. The guards simply undertook to force Griswold off the premises, first, because one of them did not approve of his appearance, and then, because he resisted. Their actions were unlawful and Griswold had a right to resist. We entertain no doubt about it. ■ Such is not the case, however, with respect to Officer Jones, who came upon the scene late, endeavored to quiet the participants, and was drawn into what had developed into a fight. There was ample evidence to acquit him of the charge of assault and battery.

■ There was no error in refusing a new trial as to Stern and Arrojo, who had not been served. The orders as to them were merely dismissals. Neither was it error to grant a nonsuit as to Long on the assault and battery charge.

The judgment of nonsuit is affirmed as to defendant Long on the assault and battery charge; it is affirmed as to Security Service Agency, Williams and Jones, on the malicious prosecution and false imprisonment charges; the judgment and order are reversed as to Security Service Agency and Williams, and affirmed as to Jones, on the assault and battery charge; the order granting a new trial as to Hollywood Turf Club and

Long is affirmed; all attempted appeals not otherwise disposed of are dismissed; appellant to recover costs of appeal.

Wood, J., concurred.

Vallée, J., being disqualified, did not participate.