[Civ. No. 28850.   Second Dist., Div. Four.   Sept. 30, 1966.]

LILY BUTLER, Plaintiff and Appellant, v. LINUS A. SCHEFERS, Defendant and Respondent.

Smith, Parrish, Paduck & Clancy and Thomas Schneider for Plaintiff and Appellant.

Edison J. Demler and James T. Perona for Defendant and Respondent.

FILES, P. J.—In this action for personal injuries arising out of an automobile accident the jury returned a verdict in favor of plaintiff for $850, and on February 28, 1964, judgment was entered thereon. Plaintiff deemed this judgment insufficient and moved for a new trial upon the following grounds:

"1. Insufficiency of the evidence to justify the verdict;

"2. That the verdict is against the law."

After hearing the motion the court made a minute order dated April 23, 1964, which contains this language: "Plaintiff's motion for new trial is granted on the ground of insufficiency of the evidence to support the verdict and judgment in that the amount of damages awarded by the jury are inadequate, unless defendant shall, on or before May 1, 1964 file with the court his consent in writing that the court may make its order amending the judgment to increase the amount thereof from $850.00 to $1850.00. (See *Mullin* v. *Kaiser etc. Hospitals,* 206 Cal.App.2d 23 [23 Cal.Rptr. 410].)"

On April 30, 1964, defendant filed a document declaring that he consented to pay plaintiff $1,850 damages, plus costs, pursuant to the court's order of April 23.

No order amending the judgment was made. Counsel inform us in their briefs that after the court made its order of April 23, 1964, it discovered that the order was erroneous under *Dorsey* v. *Barba,* 38 Cal.2d 350 [240 P.2d 604], which holds that it is improper to modify a judgment upward without plaintiff's consent as a condition to denying plaintiff's motion for a new trial.

Plaintiff thereupon gave notice of appeal from the judgment and from the minute order of April 23, 1964. The record on appeal consists only of a clerk's transcript. There is nothing in this record to show that the judgment was erroneous in any respect. But neither party contends that this judgment remains in force. They agree that it was vacated by the order granting a new trial. Defendant's brief informs us that he filed with the trial court and served on plaintiff's counsel a notice of his consent to stipulate that there be a retrial on all issues. The sole contention made by plaintiff is that the order granting the new trial should be construed or modified so as to provide for a new trial on the issue of damages only.

There is nothing in the record on appeal to support the theory that the trial court granted or should have granted a new trial limited to the issue of damages. ▆ The notice of motion asks only for "a new trial" without suggesting any limitation. Although this form of motion would not have prevented the trial court from ordering a limited new trial (*Garcia* v. *San Gabriel Ready Mixt,* 173 Cal.App.2d 355 [343 P.2d 327]; see *Hamasaki* v. *Flotho,* 39 Cal.2d 602, 611 [248 P.2d 910]) the form of the motion is of some relevance in construing the order made in response to it. (*Cox* v. *Tyrone*

*Power Enterprises, Inc.,* 49 Cal.App.2d 383, 389 [121 P.2d 829]; *Tripcevich* v. *Compton,* 25 Cal.App.2d 188 [77 P.2d 286].)

■ The order itself simply states "Plaintiff's motion for new trial is granted. . . ." Since neither the notice of motion nor the order granting it places any limitation upon the scope of the new trial, we must conclude that a full new trial is granted.

■ The statement in the order that "the amount of damages awarded by the jury are inadequate" does not necessarily mean that the new trial is or should be limited to the damage issue. On the contrary, an inadequate verdict may have been returned because the jurors could not agree upon the issue of liability, and so they compromised with a small award to the plaintiff. In *Rose* v. *Melody Lane,* 39 Cal.2d 481 [247 P.2d 335], the Supreme Court held that under the circumstances shown by the evidence in that case it was an abuse of discretion for the trial court to limit the new trial to the issue of damages. The court said at page 489 : "When the jury fails to compensate plaintiff for the special damages indicated by the evidence, and despite the fact that his injuries have been painful, makes no award or allows only a trifling sum for his general damages, the only reasonable conclusion is that the jurors compromised the issue of liability, and a new trial limited to the damages issue is improper."

Since the evidence in the case at bench was not made a part of the record on appeal, we cannot say that the trial court abused its discretion in granting a complete new trial. That question has not been raised here, and could not be, on this kind of a record.[1] We simply point out that there is no inconsistency between an order for a complete new trial and a recital that the damages were inadequate.

The case here is not at all analogous to *Sharp* v. *Automobile Club of Southern Cal.,* 225 Cal.App.2d 648 [37 Cal.Rptr. 585]. In that case the jury had returned a verdict for plaintiff in the amount of $1,321 as compensatory damages and $27,000 punitive damages. Defendant's motion for a new trial was granted by the trial court unless plaintiff consented to a reduction of the exemplary damages to $1,500. Plaintiff

---

[1]Defendant has attached to his brief a motion to augment the record on appeal by including the joint pretrial statement, which itemizes the special and general damages claimed by plaintiff. But since we are required to decide this appeal without knowing anything of the evidence, it is not helpful to know what the parties contended. The motion to augment has therefore been denied.

refused to consent, and appealed from the order. The appellate court modified the order by limiting the new trial to the issue of amount of exemplary damages. In reaching that conclusion it considered these circumstances: The evidence was before the appellate court and showed that the $1,321 in compensatory damages was a liquidated sum, being the amount of a medical bill; the evidence adequately showed that plaintiff was entitled to recover this plus some additional amount as exemplary damages; the order of the trial court, granting the motion for a new trial, had stated that " 'The court is of the opinion that exemplary damages are allowable in this case. However, the court is of the opinion that the exemplary damages are grossly excessive. . . .' " (225 Cal.App.2d at p. 652.) The appellate court concluded, from its review of the whole record, that the trial court had approved the finding of fraud and the award of compensatory damages, and therefore a retrial on those issues was unnecessary.

No comparable circumstances are presented here. We do not have the evidence and we have no indication that the trial court approved the finding of liability. There is no basis for guessing the reasoning by which the trial court decided to attach the improper "additur" to its order. No finding by the trial court can be implied other than that which is necessarily implied in an order granting a new trial for insufficiency of evidence to support the amount of the award. Such an order does not imply a determination that the court is satisfied with the finding of liability, for the reasons pointed out in *Rose* v. *Melody Lane, supra,* 39 Cal.2d 481.

Although the order appealed from must be modified, we cannot regard the appellant as the prevailing party. This case would not be here but for appellant's desire to persuade this court to write into the order something to which she is not entitled. Respondent is really the prevailing party and is entitled to recover costs.

The judgment having been vacated, the appeal from it is dismissed. The order granting a new trial is modified by striking therefrom the condition, and as so modified, is affirmed. Respondent shall recover costs.

Jefferson, J., and Kingsley, J., concurred.